[No. A048728. First Dist., Div. Five. May 12, 1992.]

In re Marriage of JAMES PAUL and CAROLINE ANN GREEN.
JAMES PAUL GREEN, Appellant, v.
CAROLINE ANN ALLEN, Respondent.

COUNSEL

James Paul Green, in pro. per., for Appellant.

Bernard N. Wolf and David P. Uccelli for Respondent.

OPINION

KING, Acting P. J.—In this case we hold that an award of attorney fees and costs, either as a sanction or for actions "related" to a marital dissolution action, was supported by findings that a party to the action brought other actions or proceedings against his spouse or her attorney to gain an unfair advantage over the spouse, to deliberately attempt to exhaust his spouse financially and deny her effective counsel, and to dissuade her counsel from pursuing the action.

James Paul Green, an attorney representing himself, appeals from an order awarding attorney fees and costs to his former spouse Caroline Ann Allen (Green).

Following the issuance of remittitur in *In re Marriage of Green* (1989) 213 Cal.App.3d 14 [261 Cal.Rptr. 294], Caroline[1] filed a motion for $116,313 in attorney fees and costs under Civil Code section 4370[2] and former section 4370.5.[3] In support Caroline filed her lawyers' declarations accompanied by itemized billing statements for services rendered in the instant matter and in "myriad related actions in both the trial and appellate courts," as well as a detailed income and expense declaration. James filed extensive opposition papers.

At the end of a hearing on November 17, 1989, the trial court announced its tentative decision. Caroline filed a proposed statement of decision to which James responded with objections, proposed counter/additional findings, and a request for hearing. The trial court filed its statement of decision and order without further hearing.

---

[1]For ease of reference, we will refer to the parties by their first names, James and Caroline. (See *In re Marriage of Smith* (1990) 225 Cal.App.3d 469, 475, fn. 1 [274 Cal.Rptr. 911].)

[2]Unless otherwise specified, all further section references are to the Civil Code.

[3]Former section 4370.5 required a trial court determining a just and reasonable award of attorney fees and costs to consider, in addition to need, "The extent to which the conduct of each party and the attorney furthers or frustrates the policy of the law to promote settlement of litigation, and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys. An award of attorney fees and costs pursuant to this paragraph is in the nature of a sanction." This provision is now contained in section 4370.6, subdivision (a).

The court found that six different actions and proceedings, including *Green* v. *Uccelli* (1989) 207 Cal.App.3d 1112 [255 Cal.Rptr. 315] (James's malicious prosecution suit against Caroline's attorney) were related to this marital dissolution proceeding within the meaning of section 4370.[4] The court declared it had reviewed and was familiar with these actions, which were described in the declarations of Caroline's attorneys and the documents referred to therein. The court further found that "but for the pendency of the family law matter" and James's "desire to gain an unfair advantage over [Caroline] and to dissuade her counsel from pursuing the family law matter, none of the other actions would have been filed."

The court ordered James to pay Caroline's attorney fees and costs in the amount of $100,024. It found James's "conduct in the marital dissolution action in the trial court and in his myriad appeals manifest[s] a deliberate attempt to exhaust [Caroline] financially and emotionally and deny her effective counsel." Quoting this court's comments in *Green* v. *Uccelli, supra*, 207 Cal.App.3d at pages 1124 and 1125, and in *In re Marriage of Green, supra*, 213 Cal.App.3d at page 29, the trial court expressed agreement with "the characterization, assessment, and motivation attributed to [James] by the Court of Appeal." The court found James "consistently and deliberately attempted to frustrate the policy of the law set forth in Civil Code § 4370.5."

█ As the Supreme Court explained in *In re Marriage of Sullivan* (1984) 37 Cal.3d 762, 768-769 [209 Cal.Rptr. 354, 691 P.2d 1020], "a motion for attorney fees and costs in a dissolution proceeding is left to the sound discretion of the trial court. In the absence of a clear showing of abuse, its determination will not be disturbed on appeal. '[T]he trial court's order will be overturned only if, considering all the evidence viewed most favorably in support of its order, no judge could reasonably make the order made. [Citations.]' " (Citations omitted.)

I

█ James first asserts the trial court lacked "jurisdiction" to award attorney fees incurred in the defense of *Green* v. *Uccelli, supra*, 207 Cal.App.3d 1112, because: Caroline was not a party to that action and Uccelli is not a party to this one; there was no joinder or consolidation of the

---

[4]The applicable version of section 4370 provided, "(a) During the pendency of any proceeding under [the Family Law Act], the court may order any party, except a governmental entity, to pay such amount as may be reasonably necessary for the cost of maintaining or defending the proceeding and for attorneys' fees; and from time to time and before entry of judgment, the court may augment or modify the original award for costs and attorneys' fees as may be reasonably necessary for the prosecution or defense of the proceeding or any proceeding related thereto, including after any appeal has been concluded."

two cases; the allegations against Uccelli concerned activities "outside the scope of the domestic action"; *Green v. Uccelli, supra,* 207 Cal.App.3d 1112, was "final for all purposes"; costs claimed were paid in full; the time within which to claim costs (Cal. Rules of Court, rules 26, 870) had expired; this court having declined to award sanctions in *Green v. Uccelli, supra* (at p. 1125), Uccelli could not bring an independent action for damages on the basis of James's alleged bad faith prosecution of that appeal (*Coleman v. Gulf Ins. Group* (1986) 41 Cal.3d 782, 789-791 [226 Cal.Rptr. 90, 718 P.2d 77, 62 A.L.R.4th 1083]); and Caroline had no obligation for these fees.

The trial court based its award of attorney fees for the defense of *Green v. Uccelli, supra,* 207 Cal.App.3d 1112, on the theory that it was related to this Family Law Act (FLA) proceeding within the meaning of section 4370 and upon section 4370.5 based upon its findings on James's conduct and motivation. James's discussion of section 4370 consists of an exploration of the legislative history of portions other than the relevant language, followed by a rehash of the argument outlined above. Caroline offers little further guidance.[5] The recent case of *In re Marriage of Seaman & Menjou* (1991) 1 Cal.App.4th 1489 [2 Cal.Rptr.2d 690], however, contains a well-reasoned interpretation of the statute's "related" proceedings provision which supports the trial court's award in this case.

 The *Seaman* court concluded that section 4370's general language gives trial courts broad discretion to determine whether an action is "related" to a proceeding under the Family Law Act, guided by the well-established mandate to "ascertain the intent of the Legislature so as to effectuate the purpose of the law" (*Select Base Materials v. Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672]). (1 Cal.App.4th at p. 1496.) "In keeping with the purpose of section 4370 [see *In re Marriage of Sullivan, supra,* at page 768, *In re Marriage of Barnert* (1978) 85 Cal.App.3d 413, 428 (149 Cal.Rptr. 616)], the most obvious function of the 'related' proceeding language is to allow a trial court to fully ensure both parties' ability to maintain or defend a[n] FLA action. For example, by authorizing fees in cases related to FLA actions as well as in those directly under the FLA, section 4370 enables a trial court to ensure that an appropriate degree of financial parity between the parties is not lost by *a party's litigation of matters which could have been part of the FLA action in an independent suit.* . . . Such suits . . . even if unrelated in a factual sense, might fall within the purview of the

---

[5] Her suggestion that footnote 8 in *In re Marriage of Green, supra,* 213 Cal.App.3d at page 28, is res judicata, law of the case, and "completely dispositive," is belied by our explicit announcement therein that we were not deciding which if any actions were "related" as that term is used in section 4370, because "that is a factual determination to be made by the trial court."

statute because of their effect on the FLA action. Thus, the statute enables a trial court to prevent a spouse with greater financial resources from harassing or coercing the less advantaged spouse into submission in the FLA case by forcing him or her to defend other lawsuits; such independent suits are 'related' within the meaning of section 4370 because they are *intended to produce some result in a[n] FLA case.*" (*In re Marriage of Seaman & Menjou, supra,* 1 Cal.App.4th at p. 1497, italics added.)

 This definition amply covers *Green v. Uccelli, supra,* 207 Cal.App.3d 1112, as well as the other actions and proceedings the court found to be related to the dissolution action. We held if James's claims had merit he should have sought relief "not through an independent action but through an award of attorney fees and sanctions against [Uccelli] within the dissolution action." (*Green v. Uccelli, supra,* at p. 1116.) Moreover, the trial court in the instant case found that *Green v. Uccelli, supra,* among other actions, "arose out of the dissolution proceeding" and "would not have been filed but for [James's] improper motives," specifically "to dissuade [Caroline's] counsel from pursuing the family law matter." Thus, *Green v. Uccelli, supra,* is clearly a proceeding related to this FLA action within the meaning of section 4370,[6] and James's conduct clearly violates the public policy set forth in section 4370.5 (now § 4370.6).

One respected authority has interpreted *In re Marriage of Seaman & Menjou, supra,* 1 Cal.App.4th 1489 as elevating to jurisdictional requirements the factors a trial court should consider in determining whether a case is "related" to the FLA action. (See 1992 Cal. Family Law Report, pp. 5089, 5091.) We view it differently. Normally, whether another action is "related" to the marital case within the meaning of section 4370 is a factual question for determination by the trial court. (See *In re Marriage of Green, supra,* 213 Cal.App.3d at p. 28, fn. 8.) In holding that the parent's attorney fees in that dependency proceeding were not related to the dissolution action as a matter of law, *In re Marriage of Seaman & Menjou, supra,* merely outlined factors for the guidance of trial courts.[7] The standard of appellate review usually will be, as here, whether substantial evidence supports the trial court's findings.

---

[6]Throughout his brief, James reiterates the fact that Uccelli did not appear pro se in *Green v. Uccelli, supra,* 207 Cal.App.3d 1112, but was represented by counsel both at trial and on appeal. Nevertheless, Uccelli's detailed itemized billings constitute substantial evidence of his professional participation in his own behalf. James cites no authority for his suggestion that Uccelli was required to move for "related case determination" in the civil action. Indeed, the only authority for attorney fees is contained in the Family Law Act.

[7]*In re Marriage of Seaman & Menjou, supra,* 1 Cal.App.4th 1489, stands for the proposition that there are limits as a matter of law as to whether another action is "related" to a marital dissolution action within the meaning of section 4370. Simply because divorcing spouses are parties to another action does not automatically mean it is statutorily "related." For example, a collection action brought against the spouses by an unpaid creditor would normally not be

It may be that the use of section 4370 to recover attorney fees and costs for a "related" action is no longer necessary given the enactment of former section 4370.5, now section 4370.6. Under the factual circumstances of the instant case, the findings of the trial court would clearly support an award of attorney fees and costs as a sanction under former section 4370.5 alone, since James violated the public policy in family law cases to promote settlement and reduce the costs of litigation by encouraging cooperation between attorneys and parties. But cautious counsel moving in an FLA action for an award of attorney fees and costs incurred in a related proceeding may choose to rely upon both sections 4370 and 4370.6, since it may be difficult to predict in advance which section the court will rely upon if it grants the motion. When the conduct is comparable to that exhibited here, an award of attorney fees and costs as a sanction would likely result in a greater recovery than one based upon need and ability to pay.

## II

■ James next contends portions of the statement of decision concerning his motivation in pursuing this and related cases are not supported by substantial evidence. He specifically objects to the trial court's references to 1) his desire to gain unfair advantage over Caroline and dissuade her counsel from pursuing the family law matter, 2) his deliberate attempt to exhaust Caroline financially and emotionally and deny her effective counsel, and 3) the "characterization, assessment, and motivation" attributed to him by this court.

Fortunately, the judge herein also presided at the trial and numerous other posttrial hearings. The record in this and related cases amply supports the court's findings. James's argument to the contrary—peopled with straw men, swimming with red herrings, and strewn with irrelevancies—is unworthy of even passing consideration.

## III

■ James maintains the trial court erred in awarding attorney fees for certain posttrial proceedings in 1987 because Caroline had previously been denied such fees. James submitted two prior orders to the trial court at the hearing on the motion, but has placed fourteen additional ones in the appellant's appendix on appeal, many of which make no mention at all of attorney fees. None of those that deny fees do so with prejudice or otherwise

"related" to the dissolution action, even though the obligation is a community obligation. On the other hand, an action filed by one spouse against the other for the purpose of harassment or intimidation is clearly related to the dissolution action within the meaning of section 4370.

preclude renewal of the fee requests at a later date. The statement of decision contains no allocation of attorney fees for any particular proceedings and James did not ask the court to set out its calculations. (See *In re Marriage of Hebbring* (1989) 207 Cal.App.3d 1260, 1274 [255 Cal.Rptr. 488].) The trial court specifically warned James against "pigeon-holing" individual matters, explaining that although it was relying on the amounts Caroline set forth in her motion, "the thinking of the court is that these things are also being awarded under 4370.5 of the Code, actually mainly under that section. [¶] So that your point about other orders and so forth I think is not well taken."

■ In any event, denials of fee requests in conjunction with interim motions, without more, cannot preclude the court from exercising its responsibility on this issue at the end of the case. Trial courts have a duty to award appropriate attorney fees and costs pendente lite pursuant to section 4370. (See *In re Marriage of Hatch* (1985) 169 Cal.App.3d 1213 [215 Cal.Rptr. 789].) However, trial courts also have a duty at the conclusion of the case to make a just and reasonable award of attorney fees and costs, considering the circumstances of the parties. Section 4370 provides, "from time to time and *before entry of judgment*, the court may augment or modify the original award for costs and attorneys' fees as may be reasonably necessary for the prosecution or defense of the proceeding . . . ." (Italics added.)

■ James also challenges claims for miscellaneous fees totalling $5,600. As has been stated, the statement of decision did not provide, nor did James request, a mathematical breakdown of the fee award. (See *In re Marriage of Bergman* (1985) 168 Cal.App.3d 742 [214 Cal.Rptr. 661].) Thus, there is no express award of these particular fees for James to contest. Moreover, James's challenge in this regard raises only questions of fact, which, if they were raised below, were impliedly resolved against him by the trial court. In each case, the attorney declarations and itemized bills constitute sufficient evidence to support the findings. Nor are these fees time-barred, as section 4370 expressly allows awards in related proceedings as long as the family law action is pending. (See *ante*, fn. 4.)

Furthermore, since the award was based in part on former section 4370.5, it was in the nature of a sanction. Thus James's failure to request a mathematical breakdown of the court's award prevents us from ascertaining how the trial court ruled with regard to the $5,600 which James challenges. (*In re Marriage of Hebbring, supra*, 207 Cal.App.3d at p. 1274.)

## IV

■ Caroline begs this court "to help bring this senseless litigation to an end." We sympathize with her wishes and hope they will be fulfilled by the

award which we affirm today. We decline, at this time, to take the additional steps Caroline suggests.

As to section 4370, Caroline concedes the trial court's $10,000 pendente lite award may be adequate to cover her attorney fees on this appeal. Section 4370 is essentially need based (*In re Marriage of Aninger* (1990) 220 Cal.App.3d 230, 244-245 [269 Cal.Rptr. 388]) and there is no authority for using the "lodestar" method in this context. The cases Caroline cites appear to be distinguishable. As to section 4370.6, that statute tracks the sanctions language of former section 4370.5 (*ante*, fn. 3), which formed a basis of the award below.

Although we recognize Caroline's justifiable frustration with James's egregious behavior, we decline to impose sanctions for a frivolous appeal (Code Civ. Proc., § 907; Cal. Rules of Court, rule 26 (a)). In light of our discussion of section 4370's related proceedings provision, it is impossible to say that "any reasonable attorney would agree that the appeal is totally and completely without merit" (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179]). Nor can we properly declare James a vexatious litigant (Code Civ. Proc., § 391, subd. (b)(3); compare *In re Luckett* (1991) 232 Cal.App.3d 107, 109 [283 Cal.Rptr. 312] [43 separate appellate actions filed] with *In re Marriage of Green, supra*, 213 Cal.App.3d at p. 28, fn. 8 [12 proceedings filed in this court]).

The judgment is affirmed.

Low, J.,* and Haning, J., concurred.

A petition for a rehearing was denied June 10, 1992, and appellant's petition for review by the Supreme Court was denied August 13, 1992.

---

*Retired Presiding Justice of the Court of Appeal, First District, sitting under assignment by the Chairperson of the Judicial Council.