[No. G011207. Fourth Dist., Div. Three. July 11, 1991.]

In re Finding of JOHN LUCKETT as a Vexatious Litigant.

**OPINION**

SILLS, P. J.—Since January 1990, John Luckett has filed at least 43 different appeals or writ petitions in this court while acting in propria persona. After due notice and an opportunity to be heard, the court has determined he is a vexatious litigant within the meaning of Code of Civil Procedure section 391, subdivision (b)(3), in that he has "repeatedly [filed] unmeritorious motions, pleadings, or other papers, [conducted] unnecessary discovery, or [engaged] in other tactics that are frivolous or solely intended to cause unnecessary delay."

On May 13, 1991, this court issued a written order and notice to Luckett, that it appeared he was a vexatious litigant as defined by section 391, subdivision (b)(3), of the Code of Civil Procedure. The order recited this court's observations that, in 34 different cases filed by Luckett in this court alone, he had filed unmeritorious motions, pleadings, or other papers, or engaged in other tactics that are frivolous.

The May 13 order notified Luckett the court was considering entering a prefiling order, pursuant to section 391.7, subdivision (a), of the Code of Civil Procedure, declaring him a vexatious litigant and prohibiting him from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed.

The May 13 order directed the clerk to set the matter for hearing on June 20, 1991. The order was sent to Luckett advising him of his right to appear before this court at that time and present argument and evidence on whether he is a vexatious litigant and whether the court should enter the proposed prefiling order under section 391.7, subdivision (a), of the Code of Civil Procedure.

After the notice was sent, Luckett filed a document titled "Motion to dismiss matter or in the alternative adjudication of the issues court to take judicial notice of G010033, G010880." He opined the two cited cases "speak for themselves" in proving he is not a vexatious litigant, and attached documents to demonstrate his point. We issued an order that the motion to dismiss and the concurrent motion for judicial notice would be decided at the scheduled hearing.

Luckett then filed a document entitled "Request for findings of fact, and ruleing [sic] on motion to dismiss! Request to rule on papers, and or attend

hearing by telephone!" Luckett explained that he had recently been hired as a paralegal and collections clerk for a local credit agency, "which in it self [*sic* ] proves that [he is] worthy to practice law without having to get a judges permission to file papers!" We issued another order, again declining to rule on the motion to dismiss, but indicating Luckett's personal presence at the vexatious litigant hearing was not required.

Luckett did not appear at the scheduled hearing. His written documents explain his defenses, however. In sum, he urges that his successes in certain lawsuits and his current employment demonstrate that he is not a vexatious litigant. We disagree.

Section 391, subdivision (a)(3) of the Code of Civil Procedure defines several categories of vexatious litigants, including one, who, "[i]n any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." Per Luckett's request, we take judicial notice of the documents attached to his motion to dismiss. Indeed, we have reviewed in detail every document he has filed in the 43 separate appellate actions he has filed with this court. Contrary to Luckett's claims, those documents illustrate our conclusion that he has repeatedly filed unmeritorious motions and engaged in other tactics that are frivolous. Some of his appeals have been dismissed because he has attempted to appeal nonappealable orders. (*People* v. *Luckett*, G009148; *Luckett* v. *Smathers*, G009520; *Luckett* v. *Smathers*, G009684; *Luckett* v. *Smathers*, G010033; *Luckett* v. *Smathers*, G010209.) Others have been dismissed because Luckett's briefs did not conform with the rules of court. (*Luckett* v. *Knisley*, G009241; *Luckett* v. *First Interstate Bank*, G009386; *Luckett* v. *City of Newport Beach*, G009404; *Luckett* v. *Knisley*, G009463.) In all four of those cases he made unmeritorious and frivolous motions to have the original brief refiled after this court struck the brief and gave him an opportunity to file a brief which did conform to the rules of court.

Luckett has repeatedly refiled motions which this court has already denied. This court issued an unpublished opinion in *Luckett* v. *Aladdin Tour and Travel* (Oct. 31, 1990) G009294, affirming the lower court's judgment and sanctioning Luckett $1,500 for a frivolous appeal. On three occasions he filed separate motions to set aside and/or vacate the order imposing sanctions. In *Luckett* v. *Smathers*, G010033, he requested enforcement of a settlement on three separate occasions. Respondent's motion to dismiss was granted but Luckett requested reconsideration twice. After the Supreme

Court denied his petition for review and after the remittitur issued he sought the same relief in a motion to "restore" appellant's case.

In his first petition for a writ of mandate he filed an ancillary motion "to enforce prejudice affidavits." His second writ petition was actually a request to take judicial notice of a clerk's transcript in a pending appeal. Thereafter he filed 23 more writ petitions, most of which were simply copies of motions he had filed in superior court but relabeled "writ of mandate." Indeed, the change was made in handwriting, crossing out the original caption of the motion. The writ petitions sought various forms of relief, the majority of which could not be obtained by petitioning for extraordinary relief. Most were unintelligible, repeating claims the court had previously rejected and renewing motions the court had previously denied. Rarely did he provide an adequate record for review. Moreover, he often cluttered the record with extraneous correspondence and news clippings which have no bearing on any legal issue presented.

Court filing fees ordinarily deter even the most persistent litigants. But Luckett has been relieved of the obligation to pay filing fees because of his statutory right to forma pauperis relief. He has, however, abused that right by repeatedly filing unmeritorious and frivolous pleadings. Luckett's tactics waste precious court time. This court has previously imposed monetary sanctions, but he persists.

Luckett's motions to dismiss these proceedings are denied. His written arguments have been read and considered by the court. His request for judicial notice is granted.

 This court finds that John Luckett is a vexatious litigant within the meaning of Code of Civil Procedure section 391. Henceforth, pursuant to section 391.7 of the Code of Civil Procedure, John Luckett may not file "any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed." (Code Civ. Proc., § 391.7, subd. (a).) Disobedience of this order may be punished as a contempt of court. (*Ibid.*) "The presiding judge shall permit the filing of such litigation only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay. The presiding judge may condition the filing of the litigation upon the furnishing of security for the benefit of the defendants as provided in Section 391.3." (Code Civ. Proc., § 391.7, subd. (b).)

The clerk of this court is directed to provide a copy of this opinion and order to the Judicial Council. (Code Civ. Proc., § 391.7, subd. (d).) Copies

shall also be mailed to the presiding judges and clerks of the Orange County Superior Court and each branch of the Orange County Municipal Court.

Sonenshine, J., and Moore, J., concurred.

A petition for a rehearing was denied July 17, 1991, and petitioner's application for review by the Supreme Court was denied September 25, 1991.