[No. A057347. First Dist., Div. Four. May 6, 1992.]

In re Finding of FRED A. WHITAKER as a Vexatious Litigant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of all footnotes.

**COUNSEL**

Fred A. Whitaker, in pro. per.

**OPINION**

**POCHÉ, J.—** Today, we take one small step to eliminate an obvious waste of judicial resources. We hold that Fred A. Whitaker comes within the statutory definitions of a vexatious litigant. (Code Civ. Proc., § 391, subd. (b); statutory references hereafter are to this code.) We further hold that Whitaker, not having been deterred by numerous determinations to the same effect by the Alameda Superior Court, shall henceforth be required to obtain the permission of the presiding judge or justice for any court of this state in which he proposes to commence any litigation.

This matter arose when we began work on Whitaker's latest appeal (*Whitaker* v. *Department of Social Services of Alameda County*, A055479). That action ended in the trial court with a dismissal after Whitaker failed to furnish security as required by an order declaring him a vexatious litigant. Our attention was first drawn by the fact that the primary emphasis of Whitaker's briefs was a challenge to the constitutionality of the vexatious litigant statutes, an argument identical to one rejected by this court in an unrelated appeal only last year. (*Whitaker* v. *Bay Area Rapid Transit District* (Apr. 23, 1991) A049779 [nonpub. opn.].) We also noted that the respondent on Whitaker's latest appeal specifically requested issuance of a so-called "prefiling order" authorized by section 391.7, and first used by an appellate court in *In re Luckett* (1991) 232 Cal.App.3d 107 [283 Cal.Rptr. 312]. Following the procedure pioneered by Division Three of the Fourth District in *Luckett*, we issued an order to Whitaker to show cause why the relief requested by respondent should not be granted. The matter was set for a hearing, at which time Whitaker appeared and submitted arguments.

One of the statutory definitions of a vexatious litigant is "a person who . . . [i]n the immediately preceding seven-year period has commenced,

prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing." (§ 391, subd. (b)(1).)

The records before us show that since 1985 Whitaker has filed at least 24 actions in the Alameda Superior Court. In five of these actions a demurrer was sustained without leave to amend.[1] In one a defense motion for summary judgment was granted.[2] Another had the trial court granting a defense motion to strike Whitaker's complaint.[3] In yet another, the court ended one action when it denied Whitaker leave to file an untimely claim against a governmental entity.[4] Two actions involved complaints filed by Whitaker in 1986 which did not get off the ground because Whitaker never effected service on the intended opposing parties.[5] In one case a dismissal with prejudice was entered against Whitaker.[6] In another, Whitaker lost in something like a default situation.[7] In no less than 13 of the actions Whitaker was ordered to furnish security as required by orders finding him to be a vexatious litigant.[8] The bottom line is that Whitaker has not won any of the actions he began in the Alameda Superior Court.

In this court Whitaker's score is only minusculely better. He has filed 35 writ and appeal proceedings. Of his 19 petitions for extraordinary writs, 2 were dismissed for procedural defects,[9] and 17, including 6 generated by a single superior court action, were summarily denied.[10] With respect to Whitaker's sixteen appeals, seven were dismissed,[11] eight were affirmed,[12] and only one was reversed.[13] That reversal involved only a pretrial matter in a case subsequently resolved against Whitaker.[14]

Another of the statutory definitions of a vexatious litigant is "a person who . . . [i]n any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers . . . or engages in other tactics that are frivolous . . . ." (§ 391, subd. (b)(3).)

As previously mentioned, Whitaker is again contending that the vexatious litigant statutes are unconstitutional, an argument we expressly rejected in one of his cases only last year. This identical argument has also been rejected by other divisions of this court in cases in which he was a party.[15] By coming forward again with this argument, Whitaker is engaging in frivolous conduct. (See *City of Bell Gardens* v. *County of Los Angeles* (1991) 231 Cal.App.3d 1563 [283 Cal.Rptr. 91] [appeal is frivolous if it involves claim previously rejected by same court]; *Hummel* v. *First National Bank* (1987) 191 Cal.App.3d 489 [236 Cal.Rptr. 449] [same].)

*See footnote *ante*, page 54.

Obviously, Whitaker has repeatedly misused the courts of this state. What we have said with regard to the consequences of frivolous appeals is equally pertinent in this context: "Other appellate parties, many of whom wait years for a resolution of bona fide disputes, are prejudiced by the useless diversion of this court's attention. In the same vein, the appellate system and the taxpayers of this state are damaged by what amounts to a waste of this court's time and resources." (*Finnie* v. *Town of Tiburon* (1988) 199 Cal.App.3d 1, 17 [244 Cal.Rptr. 581] [citation omitted].)

In light of his extensive history of frivolous filings, this court finds that Fred A. Whitaker is a vexatious litigant within the meaning of section 391, subdivisions (b)(1) and (b)(3). Less drastic remedies having failed, we order that henceforth Fred A. Whitaker may not file any litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court in which the litigation is proposed to be filed. (§ 391.7, subd. (a).)

The clerk of this court is directed to provide a copy of this opinion and order to the Judicial Council. (§ 391.7, subd. (d).) Copies shall also be provided to the presiding judges of the Alameda County Superior Court and each branch of the municipal courts in Alameda County.

Anderson, P. J., and Reardon, J., concurred.

Petitioner's application for review by the Supreme Court was denied July 22, 1992.