Filed 4/8/14  Conservatorship of Boyes CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| Conservatorship of the Person and Estate of ESTHER R. BOYES.<br><br>DAVID M. BOYES,<br>     Plaintiff and Respondent,<br>v.<br>MICHELE FOTINOS,<br>     Defendant and Appellant,<br><br>LAURIE R. SELLS, Conservator of the Person and Estate of Esther R. Boyes,<br>     Real Party In Interest and Respondent. | A139165<br><br>(San Mateo County Super. Court No. PRO121437) |

The Code of Civil Procedure provides that prior to "filing any new litigation in the courts of this state," a person who has been declared a vexatious litigant must obtain the permission of the "presiding judge of the court where the litigation is proposed to be filed."  (Code Civ. Proc., § 391.7, subd. (a).)  The Code further provides that a vexatious litigant "subject to a prefiling order . . . may file an application to vacate the prefiling order" "upon a showing of a material change in the facts upon which the [prefiling] order was granted and that the ends of justice would be served by vacating the order."  (*Id*., § 391.8, subds. (a), (c).)

1

The tactics of Michele Fotinos in contesting virtually every action taken by her mother's conservator led the conservator to move to have Fotinos (and her then attorney, Patricia Barry) declared a vexatious litigant and made subject to the prefiling requirement. On November 9, 2012, the motion was heard and granted by Judge Jonathan E. Karesh against Fotinos and her attorney. That same day an order signed by Judge Karesh was filed. Judge Karesh denied the conservator's motion to require Fotinos to post security, and did not grant the prefiling motion as requested: Fotinos was only barred from "from filing any petition, application, or motion other than a discovery motion," but not "pleadings and objections."

One week later, on November 16, a Judicial Council form MC-700 for "Prefiling Order—Vexatious Litigant" was filed. This order was signed by Judge Beth Labson Freeman as "Presiding Judge."

Fotinos filed a notice of appeal, designating only the November 16 order. We held that the notice was untimely as to both orders, and dismissed the purported appeal. We explained the relationship of the two orders: "The court's order of November 9 was the one which imposed a prefiling order requirement on Fotinos. The additional step of filing a form MC–700 appears to have fulfilled one primary purpose: those forms are to be forwarded to the Judicial Council so that the vexatious litigant's name may be added to a statewide list of those subject to a prefiling order requirement. [Citation.] We do not view this as an order appealable independently of the November 9 order." (*Conservatorship of Boyes* (May 21, 2013, A137647) [nonpub. opn.] [2013 WL 2319457 *2].)

Two days after our dismissal was filed, using Judicial Council form MC-703, and now represented by new counsel, Fotinos filed an "Application For Order To Vacate Prefiling Order," and thereafter an "amended" application that is substantially identical with the original. Both applications were addressed to the "prefiling order entered: 11/16/12," i.e., Judge Freeman's order. Paragraph 3 of Form MC 703 states: "I request that the prefiling order be vacated under Code of Civil Procedure section 391.8 (Describe below the material change in the facts on which the order was granted and how

2

the ends of justice would be served by vacating the order.)  On both applications, Fotinos set forth the following:

"In her prefiling order, Judge Freeman imposed the Vexatious Litigant Statute against Ms. Fotinos' attorney, Patricia Barry.  This is not supported by the 'plain language' of the VLS or the Supreme Court's ruling in *Shalant v. Girardi* (2011) 51 Cal.4th 1164, which directed trial courts to 'observe the statutory limits' of the VLS.  Second, the prefiling order imposed against Ms. Barry contradicts the holding in federal district case, *Weissman v. Quail Lodge, Inc.* (9th Cir. 1999) 179 F.3d 1194, which provided:  'We therefore conclude that an attorney appearing on behalf of a client cannot be sanctioned as a veatous [*sic*] litigant: by definition, he or she is acting as an attorney and not a litigant.'  Third, Judge Freeman has granted a preemptory challenge (170.6) on July 23, 2012 and had no authority under CCP 170.4 to file an action against the parties here.  ('The acts of a judge subject to disqualification are void, or, according to some authorities, voidable.'  *Giometti v. Etienne* (1934) 219 Cal. 687, 688-689: *Tatum v. Southern Pacific Co.* (1967) 250 Cal.App.2d 40, 43).  Fourth, to impose the VLS against the attorney in the family law case violates the Due Process Clause and the right to petition under the 1st Amendment.  (*Boddie v. Connecticut* (1970) 401 US 376)"

On June 4, 2013, Fotinos's application was summarily denied by Judge Robert D. Foiles when he signed and filed Judicial Council form MC-704 "Order on Application to Vacate Prefiling Order."

Fotinos filed a timely notice of appeal on July 9.

There are a number of reasons why reversal will not be ordered.

(1)  The governing statute is explicit that relief can only be granted if the vexatious litigant subject to a prefiling order presents an application with "a showing of a material change in the facts upon which the order was granted and that the ends of justice would be served by vacating the order." (Code of Civ. Proc., § 391.8, subd. (c).)  The two requirements are conjunctive, not disjunctive.  Both must be addressed and satisfied.  None of the grounds for Fontinos's applications presents anything like "a material change in the facts."  At best, all of the grounds might possibly implicate "the ends of justice"

3

requirement. But with only one of the two statutory criteria addressed, the applications were inadequate on their face.

(2) The first, second, and fourth of the specified grounds for Fotinos's applications all focus on why the prefiling order should be vacated because of reasons exclusive to Ms. Barry, Fotinos's former attorney. Even if these points were valid, they would not furnish a basis for vacating the separate prefiling order imposed on Fotinos herself. Because these three grounds, even if sustained, could not provide any effective relief to Fotinos, they are moot as to her. (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 749, pp. 814-815.)

The fourth and last ground for the applications was the claimed disqualification of Judge Freeman, who, according to Fotinos, "granted a preemptory challenge . . . on July 23, 2012." The trial court's register of this action for July 23, 2012 does not show any such action by Judge Freeman, or, indeed, any action at all involving Judge Freeman. Even if there was such a disqualification, and Judge Freeman's order was void, that consequence would not be significant. As we made clear in our dismissal order, it was Judge Karesh's antecedent order that counts. Thus, the validity of Judge Freeman's subsequent order would likewise be a moot issue.

(3) Perhaps anticipating these conclusions, Fotinos attempts in her brief to entirely recast the content of her applications. Her opening brief has three arguments. The first is: "I. Judge Karesh acted in excess of his jurisdiction in extending the VLS to a represented party was well as to an appellant's attorney." Under this heading are nine subparts. The second is: "II. Judge Karesh's imposition of the VLS against her in the Family Law Case violates her access to the only forum the state provides for resolving custody disputes." The final argument is: "The vexatious litigant orders are void or should be vacated as bias and/or judicial retaliation" by Judge Freeman. With the exception of third argument, which has already been discussed, Fotinos has shifted her focus from Judge Freeman's order to Judge Karesh's order. Much of that focus is directed to attacking our dismissal of the prior appeal, and urging us to reconsider. This massive change of position injects a host of new issues, and is therefore not permitted.

4

(*Johnson v. Greenelsh* (2009) 47 Cal.4th 598, 603; *Cable Connection, Inc. v. DIRECTV, Inc*. (2008) 44 Cal.4th 1334, 1350, fn. 12.)

(4) "California follows a 'one shot' rule under which, if an order is appealable, appeal must be taken or the right to appellate review is forfeited. [Citations.] . . . If [an order] was appealable, it follows that it had to be timely appealed or the right to challenge its particulars be forever lost." (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 761, fn. 8.) "If a party fails to appeal an appealable order within the prescribed time, this court is without jurisdiction to review that order on a subsequent appeal." (*In re Marriage of Lloyd* (1997) 55 Cal.App.4th 216, 219.) The time to attack Judge Karesh's order was on the prior appeal, the one we dismissed as untimely. This appeal cannot provide a second chance.

(5) As for the pure legal issue of the constitutionality of the vexatious litigant statutes, this court was the first to hold them constitutional. (*Taliaferro v. Hoogs* (1965) 236 Cal.App.2d 521, 527-529.) No court has subsequently reached a different conclusion. (*Moran v. Murtaugh, Miller, Meyer & Nelson, LLP* (2007) 40 Cal.4th 780, 786; *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 541; *Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 222; *Wolfgram v. Wells Fargo Bank* (1997) 53 Cal.App.4th 43, 55-57; *In re Whitaker* (1992) 6 Cal.App.4th 54, 56; *First Western Development Corp. v. Superior Court* (1989) 212 Cal.App.3d 860, 867-868; *Muller v. Tanner* (1969) 2 Cal.App.3d 445, 449-454.) Even the Ninth Circuit now agrees. (*Wolfe v. George* (9th Cir. 2007) 486 F.3d 1120, 1124-1126 [distinguishing *Boddie v. Connecticut, supra*, 401 U.S. 371, and quoting our *Taliaferro* conclusion that "A state may set the terms on which it will permit litigations in its courts."].)

For each and all of these reasons, the order is affirmed.

5

_____
Richman, J.

We concur:


_____
Kline, P.J.


_____
Brick, J.*

<hr>

* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.