Filed 7/25/14  Myron v. Cervantez CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JAMES MYRON,<br><br>       Plaintiff and Appellant,<br><br>              v.<br><br>H. CERVANTEZ,<br><br>       Defendant and Respondent. | F067494<br><br>(Super. Ct. No. CV-275988)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Linda S. Etienne, Commissioner.

James Myron, in pro. per., for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Jennifer A. Neill, Assistant Attorney General, Phillip J. Lindsay and David N. Sunada, Deputy Attorneys General, for Defendant and Respondent.

-ooOoo-

Appellant James Myron, an inmate at Folsom State Prison, filed a civil lawsuit against respondent H. Cervantez, the litigation coordinator at Wasco State Prison, seeking to enforce appellant's demands for information under the California Public Records Act (Gov. Code, § 6250 et seq.). In response to the lawsuit, respondent filed a motion to declare appellant a vexatious litigant and to require security under provisions of the vexatious litigant statute (i.e., Code Civ. Proc., §§ 391–391.8).[1] The trial court granted the motion, finding that appellant was a vexatious litigant and that his lawsuit against respondent had no reasonable probability of success. Appellant was ordered to furnish security within 30 days or else the action would be dismissed. Additionally, the trial court entered a "prefiling order" under section 391.7 that prohibited appellant from filing any new litigation in the courts of this state in pro. per. without first obtaining leave of the presiding justice or judge of the particular court involved. Appellant now appeals from the above orders, arguing, among other things, that no evidence was presented to support the finding that appellant had no reasonable probability of prevailing on his Public Records Act lawsuit. We reverse in part and affirm in part. As explained in our discussion below, the trial court erred in requiring appellant to furnish security and, accordingly, that part of the trial court's ruling is vacated. However, in all other respects, the orders granting relief under the vexatious litigant statute are affirmed, including the trial court's determination that appellant is a vexatious litigant and its issuance of a prefiling order against him.

## FACTS AND PROCEDURAL HISTORY

On February 16, 2012, appellant filed a petition in the trial court for a writ of mandate and/or declaratory relief to require respondent to comply with the Public Records Act relating to appellant's requests for the disclosure of certain public records in

---

[1] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

the possession of the California Department of Corrections and Rehabilitation (CDC). Appellant alleged that he was seeking the specified records in an effort to expose corruption by CDC officials. According to the petition, on December 15, 2011, appellant requested the following CDC records pertaining to Wasco State Prison, where appellant was previously incarcerated prior to being transferred to Folsom: (i) the "Register of Institution Violations and Punishment for five (5) years"; (ii) the "'Daily Activity Reports for "A" Facility for 2011'"; (iii) the "'contract with the company that provides the video movies to inmates for 2006 to 2011, and all billing statements'"; (iv) "'MAC Inter-facility exchange of minutes and minutes and memos of all MAC meetings for 2006 to 2011 for "A" Facility'"; and (v) "'Captain's Inspection Reports of 2011 Fire Drills.'" The requested records allegedly have not been provided.

On November 28, 2012, in response to service of the petition, respondent filed a motion to designate appellant as a vexatious litigant and to require him to furnish security pursuant to section 391 et seq. The motion was made on the ground that appellant had filed five unsuccessful civil actions in the federal courts during the past seven years. Additionally, the motion asserted that appellant's current lawsuit against respondent had no reasonable probability of prevailing because appellant had failed to exhaust his administrative remedies within the prison system. According to the motion, appellant did not go through the three levels of administrative review available to state prison inmates. Although the motion makes cursory reference to an exhibit to appellant's petition, no declaration or other evidence was submitted by respondent to substantiate the alleged failure to exhaust. In addition to the request that appellant be ordered to furnish security, respondent's motion also invited the trial court to grant the further relief of a prefiling order.

On December 3, 2012, the hearing dates for appellant's petition for writ of mandate and respondent's motion under the vexatious litigant statute were both continued

to January 10, 2013. The minute order of December 3, 2012, reflected that the continuance was "TO ALLOW TIME FOR [PROPER] NOTICE."

On December 27, 2012, appellant filed his opposition to respondent's motion to declare him a vexatious litigant. Appellant argued that respondent failed to show that appellant was unlikely to prevail on his Public Record Acts lawsuit, and also that certain of the prior federal cases referenced in respondent's motion did not qualify as litigation losses. Appellant further argued that some of the records necessary to oppose the motion were lost by CDC when appellant was transferred from one prison to another. Appellant attached several documents to his opposition, but he did not provide a declaration. The attachments primarily related to appellant's statement that certain property of his was lost by CDC.

On January 10, 2013, the trial court heard oral argument from the parties on respondent's motion under the vexatious litigant statute.[2] The trial court was informed there were a number of additional cases filed by appellant in state courts that would readily qualify appellant as a vexatious litigant. The trial court allowed respondent to file supplemental papers by February 8, 2013, to identify said additional cases, and appellant would then have the opportunity to file a further opposition thereto by March 8, 2013. Upon receiving the supplemental papers from both parties, the matter would then stand submitted.

On February 8, 2013, respondent filed a supplemental brief in support of his motion to declare appellant a vexatious litigant. The supplemental brief identified five additional and allegedly unsuccessful litigations filed by appellant in California state courts during the past seven years. On February 26, 2013, appellant filed opposition to

---

[2]     At the same hearing, the order to show cause (or alternative writ) on the writ of mandate was discharged, the hearing date on the writ of mandate was vacated, and no further action was taken on that matter.

4.

respondent's supplemental brief. Appellant's opposition argued that some of the new cases referenced by respondent did not qualify or indicate that appellant was vexatious.

On April 30, 2013, the trial court's minute order stated the court's finding that appellant was a vexatious litigant and granted respondent's motion to require appellant to furnish security (in the amount of $3,755) as a condition of proceeding with the action, and warned the action would be dismissed in 30 days if appellant failed to furnish such security. Additionally, the minute order granted respondent's request for a prefiling order against appellant. Since these decisions were expressed in a minute order, the trial court directed respondent's counsel to prepare formal written orders to be submitted to the trial court forthwith.

On May 6, 2013, the trial court entered its "PREFILING ORDER—VEXATIOUS LITIGANT," on the mandatory Judicial Council form. By virtue of said prefiling order, it was decreed that unless represented by an attorney, appellant was "prohibited from filing any new litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed."

By separate written order entered on May 6, 2013, the trial court expressly declared appellant to be a vexatious litigant and ordered him to post security in the sum of $3,755 as a condition of proceeding with the litigation. The order additionally required that respondent "shall obtain leave of the Presiding Judge of the Kern County Superior Court prior to filing new litigation in the courts of the State of California *in propria persona* pursuant to … section 391.7."

On May 20, 2013, before the time period had expired for furnishing security and before the action was dismissed (i.e., no judgment entered), appellant filed the instant appeal.

5.

## DISCUSSION

### I.  Appealable Order

"An order determining a party to be a vexatious litigant and requiring the posting of security … is not directly appealable.  But if the plaintiff subsequently fails to furnish security, an appeal lies from the subsequent order or judgment of dismissal that follows under section 391.4." (*Golin v. Allenby* (2010) 190 Cal.App.4th 616, 635.)  Respondent contends that because appellant filed his appeal before a judgment of dismissal was entered against him, there was no appealable judgment or order.  While respondent's contention is arguably correct, in the interest of justice and to prevent unnecessary delay, a reviewing court may deem the order appealed from as incorporating a judgment of dismissal and treat the notice of appeal as applying to that dismissal.  (*Childs v. PaineWebber Incorporated* (1994) 29 Cal.App.4th 982, 988, fn. 2.)  We elect to do so here.[3]  Additionally, we note that one of the remedies provided in the orders appealed from was a prefiling order, which, as a form of injunction, is directly appealable. (*Luckett v. Panos* (2008) 161 Cal.App.4th 77, 90.)  For these reasons, we have jurisdiction to hear the instant appeal.

### II.  Vexatious Litigant Law

The vexatious litigant statute was enacted to curb misuse of the court system by those acting in propria persona who repeatedly file groundless lawsuits or attempt to relitigate issues previously determined against them.  (§§ 391–391.8; *Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1169 [the statutes protect courts and litigants from such misuse by "persistent and obsessive" in propria persona litigants]; *Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 220–221.)  The abuse of the system by such individuals "not only

---

[3]     It is evident that appellant had no intention of posting security and expected that dismissal would be duly entered.  Appellant inadvertently prevented the trial court from entering said judgment of dismissal by prematurely filing his notice of appeal.

6.

wastes court time and resources but also prejudices other parties waiting their turn before the courts. [Citations.]" (*In re Bittaker* (1997) 55 Cal.App.4th 1004, 1008.) The statute provides a "means of moderating a vexatious litigant's tendency to engage in meritless litigation." (*Bravo v. Ismaj, supra*, at p. 221.)

A court may declare a person to be a vexatious litigant who, in "the immediately preceding seven-year period[4] has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been … finally determined adversely to the person …." (§ 391, subd. (b)(1).) The term "[l]itigation" is defined broadly as "any civil action or proceeding, commenced, maintained or pending in any state or federal court." (§ 391, subd. (a).) A litigation includes an appeal or civil writ proceeding filed in an appellate court. (*McColm* v. *Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1216.) A litigation is "'finally determined adversely'" to a plaintiff if he does not win the action or proceeding he began, including cases that are voluntarily dismissed by a plaintiff. (*Tokerud v. Capitalbank Sacramento* (1995) 38 Cal.App.4th 775, 779; *In re Whitaker* (1992) 6 Cal.App.4th 54, 56.)[5]

Section 391.1 provides as follows regarding a motion to furnish security: "In any litigation pending in any court of this state, at any time until final judgment is entered, a

---

**4**     An action is counted as being within the "immediately preceding seven-year period" so long as it was filed or maintained during that period. (*Stolz v. Bank of America* (1993) 15 Cal.App.4th 217, 225.) The seven-year period is measured as of the time the motion is filed. (*Id*. at p. 224.)

**5**     Under the vexatious litigant statute, a litigation is finally determined when avenues for direct review (appeal) have been exhausted or the time for appeal has expired. (*Childs v. PaineWebber Incorporated*, *supra*, 29 Cal.App.4th at p. 994.) Where a plaintiff challenges multiple orders from the same case by filing separate appeals and writs, each appeal or writ that is finally determined adversely to the plaintiff may qualify. (*In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 1005–1006 [qualifying litigations included summary denials of writ petitions, a dismissal of an appeal from a nonappealable order, a dismissal of an appeal for failure to file opening brief, and appeals rejected on merits].)

7.

defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security or for an order dismissing the litigation pursuant to subdivision (b) of Section 391.3.  The motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant."  Section 391.3, subdivision (a), sets forth the basis for granting the motion:  "[I]f, after hearing the evidence upon the motion, the court determines that the plaintiff is a vexatious litigant and that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant, the court shall order the plaintiff to furnish, for the benefit of the moving defendant, security in such amount and within such time as the court shall fix."  If security is ordered by the court, and is not furnished by the plaintiff, "the litigation shall be dismissed as to the defendant for whose benefit [the security] was ordered furnished."  (§ 391.4.)

As to prefiling orders, section 391.7, subdivision (a), states:  "In addition to any other relief provided in this title, the court may, on its own motion or the motion of any party, enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed.  Disobedience of the order by a vexatious litigant may be punished as a contempt of court."

## III.    Standard of Review

"A court exercises its discretion in determining whether a person is a vexatious litigant.  [Citation.]  We uphold the court's ruling if it is supported by substantial evidence.  [Citations.]  On appeal, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment.  [Citation.]"  (*Bravo v. Ismaj*, *supra*, 99 Cal.App.4th at p. 219; accord, *Golin v. Allenby*, *supra*, 190 Cal.App.4th

8.

at p. 636.)  Similarly, a court's decision that a vexatious litigant does not have a reasonable probability of success is based on an evaluative judgment in which the court is permitted to weigh evidence.  (*Moran v. Murtaugh Miller Meyer & Nelson, LLP* (2007) 40 Cal.4th 780, 785–786 (*Moran*).)  A trial court's conclusion that a vexatious litigant must post security does not, as with a demurrer, terminate the action or preclude a trial on the merits.  Rather, it merely requires the party to post security.  Accordingly, if there is any substantial evidence to support a trial court's conclusion that a vexatious litigant had no reasonable probability of prevailing in the action, it will be upheld.  (*Id.* at pp. 784–786; *Golin v. Allenby*, *supra*, at p. 636.)

**IV.    Trial Court Correctly Determined Appellant to be a Vexatious Litigant**

In the trial court below, respondent submitted court records identifying the following federal and state civil cases that allegedly qualified as being finally determined adversely to appellant in the seven-year period prior to filing respondent's motion:

1.    *Myron v. Schwarzenegger et al.* (C.D.Cal. 2008, No. CV-07-05623) Appellant's complaint was dismissed on June 5, 2008, due to failure to comply with court orders and failure to prosecute.

2.    *Myron v. Schwarzenegger et al.* (9th Cir. 2008, No. 08-56039)  An appeal was filed in the above federal district court case, which appeal was dismissed by the Court of Appeals on November 14, 2008, for failure to pay filing fees, failure to comply with order to show cause and failure to prosecute.

3.    *Myron v. Huynh et al.* (C.D.Cal. 2008, No. CV-08-01303)  A civil complaint was lodged with the federal district court for filing in connection with a motion for a waiver of filing fees.  The district court's consideration of the motion entailed a demurrer-like review of the complaint.  The motion was denied and the case was terminated because the court determined there was a failure to state a

9.

valid federal claim and, consequently, there was also no pendant jurisdiction over state law claims.

4.  *Myron v. United States District Court* (9th Cir. 2008, No. 08-73191) On October 7, 2008, the United States Court of Appeals denied appellant's petition for a writ of mandate (labeled by appellant as writ of prohibition) stemming from alleged issues of discovery and unfair procedures in district court case No. CV-99-21265.

5.  *In re James Myron* (9th Cir. 2009, No. 08-80133)  On June 2, 2009, the United States Court of Appeals dismissed appellant's petition for an order directing prison officials to return his legal property, with the appellate court also issuing a prefiling order based on appellant's failure to respond to the Court's order to show cause.

6.  *Myron v. T.E. Busby* (Super. Ct. Riverside County, 2011, No. INC1102184)  A petition for writ of mandate was denied on October 25, 2012, for failure to prosecute.

7.  *Myron v. Uribe et al.* (Super. Ct. Imperial County, 2012, No. ECU06986)  Demurrer to petition for writ of mandate was sustained on July 11, 2012.

8.  *Myron v. Uribe et al.* (Cal. Ct. Appeal, 4th App. Dist., D062757) Civil appeal dismissed on November 19, 2012, for failure to pay filing fees.

9.  *Myron v. Woodford* (Cal. Ct. Appeal, 4th App. Dist., E037419)  A petition for writ of mandate was denied on February 15, 2005.

10. *Myron v. Flippo* (Cal. Ct. Appeal, 6th App. Dist., H038958) Appellant's civil appeal was dismissed on December 27, 2012, for having failed to procure record on appeal and having failed to seek relief from that default.

After having considered the above matters, the trial court made the following finding: "Even if two of the matters which moving party asserts qualify [appellant] as a vexatious litigant are, as [appellant] argues, related and therefore arguably constitute one action, such as *Myron v. Schwarzenegger* and *Myron v. Uribe*, there are still a sufficient number of qualifying cases to justify finding plaintiff to be a vexatious litigant pursuant to Code of Civ. Proc. § 391." (Italics added, some capitalization omitted.)

In the present appeal, on the question of appellant's status as a vexatious litigant, appellant's opening brief does not argue that the trial court erred in concluding that he fit the criteria of a vexatious litigant under section 391, subdivision (b)(1). In fact, appellant's opening brief does not explicitly address or challenge the validity of the trial court's finding that appellant is a vexatious litigant. It is fundamental that "the trial court's judgment is presumed correct, and the appellant has the burden to prove otherwise by presenting legal authority on each point made and factual analysis, supported by appropriate citations to the material facts in the record; otherwise, the argument may be deemed forfeited." (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655.) Moreover, issues not expressly raised in an appellant's opening brief may be treated as waived. (*Paulus v. Bob Lynch Ford, Inc.* (2006) 139 Cal.App.4th 659, 685.) "[T]he appellant must present each point separately in the opening brief under an appropriate heading, showing the nature of the question to be presented and the point to be made; otherwise, the point will be forfeited." (*Keyes v. Bowen*, *supra*, at p. 656.) As a general rule, presenting an argument for the first time in the reply brief, as was the case here, will not suffice. (*Ibid*.) These requirements apply equally to appellants acting without an attorney. (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 523.) Here, based on appellant's failure to raise the matter in his opening brief, we hold that he forfeited any argument that the trial court erred in concluding he is a vexatious litigant under section 391, subdivision (b)(1).

But even assuming the issue had not been forfeited, the record was still sufficient to support the trial court's determination that in the immediately preceding seven-year period appellant "commenced, prosecuted, or maintained in propria persona at least five litigations … that have been … finally determined adversely" to appellant. (§ 391, subd. (b)(1).) The trial court's determination was correct even though, as we now point out, a few of the listed cases were problematic. The denial of the writ of mandate in *Myron v. Woodford* occurred on February 15, 2005, more than seven years prior to the date respondent's motion was filed, which means that case did not qualify. (See § 391, subd. (b)(1) [qualifying cases must be in "the immediately preceding seven-year period"]; *Stolz v. Bank of America*, *supra*, 15 Cal.App.4th at p. 224 [time measured as of time motion is filed].)[6] And since a complaint was never actually filed (but only lodged) in *Myron v. Huynh et al.*, that matter arguably did not qualify. Additionally, as the trial court noted, respondent's listing of the cases of *Myron v. Schwarzenegger et al.* and *Myron v. Uribe et al.* was arguably duplicative, due to the separate enumeration of both the trial court's order and the appeal from the same order in each of those cases.[7] The

---

**6** Although *Myron v. Flippo* was dismissed on December 27, 2012, shortly *after* the date of respondent's initially filed motion, we believe that when the trial court authorized respondent to file supplemental papers by February 8, 2013, in order to identify additional cases that were determined adversely to appellant, the supplemental filing constituted in substance a new or renewed motion. Therefore, it was proper for the trial court to consider *Myron v. Flippo* as one of the qualifying litigations for purposes of section 391, subdivision (b)(1).

**7** We note the trial court's order in *Myron v. Uribe et al.* was to sustain a demurrer with leave to amend. That order, by itself, was not a final determination. However, appellant filed an appeal. Appeals are distinct litigations under section 391. (*McColm* v. *Westwood Park Assn.*, *supra*, 62 Cal.App.4th at p. 1216.) While it is unclear what the purported basis of appellant's appeal was, the dismissal of that appeal qualified as a litigation that was finally determined for purposes of the vexatious litigant statue. (*In re Marriage of Falcone & Fyke*, *supra*, 203 Cal.App.4th at pp. 1005–1006.)

remaining six litigations, however, clearly constituted qualifying litigations that were finally resolved against appellant.

For all of the reasons stated above, no abuse of discretion has been shown by appellant regarding the trial court's declaration that he is a vexatious litigant under section 391, subdivision (b)(1). Accordingly, we affirm the trial court's determination that appellant is a vexatious litigant.

## V.      Prefiling Order

Section 391.7, subdivision (a), provides in relevant part that the court may, on its own motion or on motion of any party, "enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed." The requisites for this form of relief were clearly established here, as respondent's motion requested that the trial court enter a prefiling order and the foundational finding was properly made by the trial court that appellant is a vexatious litigant. Appellant does not specifically challenge the prefiling order in his opening or reply brief and, in any event, on the record before us, no abuse of discretion is shown. Therefore, we affirm the prefiling order entered by the trial court on May 6, 2013, against appellant.

## VI.      Order Requiring Security

The main thrust of appellant's appeal focuses on the trial court's order that he be required to furnish security pursuant to section 391.1. Section 391.1 authorizes the trial court to make such an order "based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant." Section 391.2 further provides that "[a]t the hearing upon the motion the court shall consider any evidence, written or oral, by witnesses or affidavit, as may be material to the ground of the motion." Additionally, section 391.3, subdivision (a), states: "[I]f, after hearing the evidence upon

13.

the motion, the court determines that the plaintiff is a vexatious litigant and that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant, the court shall order the plaintiff to furnish, for the benefit of the moving defendant, security in such amount and within such time as the court shall fix."

According to appellant, the trial court erred in ordering him to furnish security because respondent failed to make an adequate showing that "there is not a reasonable probability that [appellant] will prevail" (§ 391.1). Respondent's motion in the trial court argued that appellant could not prevail in his Public Records Act lawsuit against respondent because, allegedly, appellant had failed to exhaust his administrative remedies in the prison system prior to filing his lawsuit. In granting respondent's motion, the trial court implicitly found that appellant was not likely to prevail because of this purported failure to exhaust his administrative remedies. Appellant's appeal challenges that finding, contending there was no evidentiary showing to support it.

We begin with a brief overview of the doctrine of exhaustion of administrative remedies. The rule is well established that where an administrative remedy is provided by statute, regulation, or ordinance, relief must be sought from the administrative body and this remedy exhausted before the courts will act. (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 292; *Parthemore v. Col* (2013) 221 Cal.App.4th 1372, 1379.) Thus, the exhaustion of administrative remedies is a jurisdictional prerequisite to resort to the courts. (*Wright v. State of California* (2004) 122 Cal.App.4th 659, 665.)

"A California state prisoner must exhaust available administrative remedies before filing a lawsuit. [Citation.]" (*Parthemore v. Col*, *supra*, 221 Cal.App.4th at pp. 1379-1380.) California prison regulations establish a multilevel administrative review process for resolution of prisoner grievances. (See Cal. Code Regs., tit. 15, §§ 3084.1–3084.7.) A prisoner may seek administrative review by appeal of any policy, decision, action, condition, or omission, which they can demonstrate as having a materially adverse effect on his or her health, safety or welfare. (*Id.*, § 3084.1, subd. (a).) As summarized by a

14.

recent Court of Appeal decision, this administrative process involves the following steps: "To commence the administrative appeal process, the prisoner must initiate an *informal* appeal in which the prisoner and staff involved in the action or decision attempt to resolve the grievance informally. [Citations.] The prisoner must utilize a [Department of Corrections and Rehabilitation] CDCR 602 form to describe the relief requested. [Citation.] If an informal appeal does not resolve the grievance, the prisoner may proceed through a series of three formal levels of review. [Citations.] Administrative remedies are not deemed exhausted until the appeal proceeds to a third level review, and administrative remedies are not deemed exhausted as to any new issue, information or person not included in the originally submitted … CDCR 602 form. [Citations.]" (*Parthemore v. Col*, *supra*, at p. 1380.) An inmate who has not completed this entire process, including all three levels of formal review, has not exhausted the available administrative remedies. (*Wright v. State of California*, *supra*, 122 Cal.App.4th at p. 667.)

As noted, appellant contends the trial court erred in its finding that appellant's lawsuit was unlikely to prevail because he purportedly failed to exhaust administrate remedies. Specifically, appellant argues there was no evidence or showing in the trial court to support that conclusion. In our review of the trial court's order regarding this issue, we apply the substantial evidence test. If there is any substantial evidence to support a trial court's conclusion that appellant had no reasonable probability of prevailing in the action, it will be upheld. (*Moran, supra,* 40 Cal.4th at pp. 784–786; *Golin v. Allenby*, *supra*, 190 Cal.App.4th at p. 636.)

Having considered the record, we agree with appellant that there was no substantial evidence before the trial court to support the conclusion that appellant failed to exhaust his administrative remedies. Respondent's motion included *argument* in a memorandum of points and authorities that appellant failed to exhaust remedies, but respondent did not attach a declaration or otherwise make an affirmative evidentiary

15.

showing in support of that factual assertion.  Respondent's motion did allude to appellant's petition and to at least one of the exhibits to the petition.  However, nothing in the allegations of appellant's petition relates to the subject of exhaustion of administrative remedies.[8]  Moreover, the exhibits to the petition are of no assistance to respondent because they do not indicate a failure to exhaust.  The exhibits appear to have been attached as exhibits to the petition simply to verify that respondent was not complying with the Public Records Act, *not* to show appellant's exhaustion of administrative remedies.  Respondent's moving papers further stated that "even if Myron's administrative appeal was somehow filed for his claims, Myron received no final or third level decisions."  As with the other such assertions, this statement is made without a supporting declaration or other evidence to substantiate it.

Appellant's opposition to the motion did not fill in the evidentiary gap left by respondent's motion.  As was the case with respondent's motion, appellant's opposition did not include a declaration under penalty of perjury.  The opposition merely argued that legal documents necessary to respond to the motion were lost or misplaced by prison staff when appellant was transferred to Folsom.  In that regard, appellant attached to his opposition memorandum of points and authorities various administrative records relating to his claim of lost legal property.  In short, there was nothing presented by appellant's opposition to indicate a failure to exhaust regarding appellant's Public Records Act lawsuit against respondent.  The same is true of the parties' subsequently filed supplemental papers.

In conclusion, we hold there was no substantial evidence before the trial court to support its implied finding that appellant failed to exhaust administrative remedies.  Since

---

[8]     A complaint is vulnerable to a demurrer when it fails to plead either that the administrative remedies were exhausted or that a valid excuse existed for not exhausting them.  (*Parthemore v. Col*, *supra*, 221 Cal.App.4th at p. 1379.)  Of course, the subject motion here was not a demurrer, but an *evidentiary* motion.

that was the sole ground for respondent's claim that appellant had no reasonable probability of prevailing in his Public Records Act lawsuit against respondent, a necessary element of a motion to furnish security was not shown. For that reason, the trial court erred when it ordered appellant to furnish security (see §§ 391.1–391.3) and, accordingly, that portion of the overall relief granted by the trial court will be reversed.[9]

## DISPOSITION

That portion of the trial court's ruling requiring appellant to furnish security pursuant to section 391.1 is reversed. In all other respects the order of the trial court is affirmed, including the determination that appellant is a vexatious litigant and the requirement for a prefiling order pursuant to section 391.7. Costs on appeal are awarded to appellant.

_____
Kane, J.

WE CONCUR:


_____
Hill, P.J.


_____
Gomes, J.

---

**9**      Our reversal of the order requiring appellant to furnish security is without prejudice and does not foreclose the possibility that such an order could properly issue based on a subsequent motion supported by sufficient evidence.