Filed 10/11/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ELIZABETH KARNAZES,<br><br>      Plaintiff and Appellant,<br><br>v.<br><br>THE LAURIEDALE HOMEOWNERS ASSOCIATION,<br><br>      Defendant and Respondent. | A167888<br><br>(San Francisco City & County Super. Ct. No. CGC-17-557900) |

Since July 2016, disbarred California attorney Elizabeth M. Barnson Karnazes has, while self-represented, "commenced, prosecuted, or maintained" nine appeals in this court that have been "finally determined adversely" to her — that is, matters not subject to further appellate review — within the meaning of Code of Civil Procedure section 391, subdivision (b)(1)(i).[1]  During the pendency of these appeals, she engaged in a pattern of delay that has burdened this court and the litigants she has sued.  On our

---

[1] Undesignated statutory references are to the Code of Civil Procedure. On our own motion, we take judicial notice of a 2014 California State Bar opinion and order disbarring Karnazes, and of the dockets in the appeals she has filed in this court, including in case No. A168422 wherein she filed a notice of appeal under the name "Betsy Barnson."  (See *Garcia v. Lacey* (2014) 231 Cal.App.4th 402, 409, fn. 7 (*Garcia*); Evid. Code, §§ 452, subd. (d), 459.)

1

own motion, we conclude Karnazes is a vexatious litigant, and we impose a prefiling order prohibiting her from filing new litigation in the courts of this state without first obtaining permission from the presiding judge or justice where the litigation is proposed to be filed. (§§ 391, subd. (b)(1)(i), 391.7, subd. (a).)

## BACKGROUND

Since 2006, Karnazes has filed 31 appeals in this court. She has represented herself in all but one. She achieved partial success in two appeals and lost 23. Six appeals, including this one, remain pending. Since July 2016, Karnazes has — while self-represented — maintained the following nine appeals in this court that have been determined adversely to her and that are now final:

(1)    In *Karnazes v. CitiMortgage, Inc., et al.*, case No. A144813, she appealed from a judgment of dismissal entered after the trial court sustained defendants' demurrer to her fourth amended complaint without leave to amend. We affirmed by written opinion on October 25, 2016.

(2)    In *Karnazes v. PetSmart, Inc.*, case No. A147512, she appealed from a default judgment issued in her favor. We dismissed the appeal as moot on February 7, 2017.

(3)    In *Karnazes v. Ferry, et al.*, case No. A149779, she appealed from an order denying her renewed motion to strike and/or dismiss a cross-complaint. We dismissed the appeal on March 1, 2017, after she failed to procure the record.

(4)    In *Hartford v. Karnazes*, case No. A143423, she appealed from orders striking her memorandum of costs and granting

2

defendant's motions for attorney fees and costs. We affirmed by written opinion on April 28, 2017.

(5) In *Karnazes v. PetSmart, Inc.*, case No. A149137, she appealed from an order setting aside a default and default judgment. We dismissed the appeal on May 14, 2019, after she failed to timely file an opening brief.

(6) In *Karnazes v. Outback, et al.*, case No. A147505, she appealed from a default judgment entered in her favor. She failed to timely file an opening brief, and we dismissed the appeal on May 14, 2019.

(7) In *Karnazes v. St. Paul Surplus Lines Insurance Co., et al.*, case No. A139785, she appealed from a judgment entered after the trial court granted one defendant's motion for judgment on the pleadings and sustained another defendant's demurrer to her third amended complaint without leave to amend. We affirmed by written opinion on May 30, 2019.

(8) In *Karnazes v. Sheehy, et al.*, case No. A151764, she appealed from an order dismissing her complaint for failure to prosecute. On January 29, 2021, we dismissed the appeal as abandoned.

(9) In *Karnazes v. Lee, et al.*, case No. A146950, she appealed from orders granting defendants' motion to quash service of summons and denying her motion for leave to file an amended complaint. We affirmed by written opinion on January 27, 2022.[2]

---

[2] This court recently dismissed one of Karnazes's appeals, *Karnazes v. Mollie Stone's et al.* (Oct. 3, 2023, case No. A167775); approximately two months earlier, the Ninth Circuit Court of Appeals affirmed the district court's dismissal of Karnazes's operative complaint in *Karnazes v. Am.*

3

On the same date in April 2023, Karnazes filed three notices of appeal, including the notice of appeal in this case. In light of her persistent pattern of filing meritless appeals, we issued an order to show cause (OSC) why she should not be declared a vexatious litigant pursuant to section 391, subdivision (b)(1)(i) and why we should not impose a prefiling order pursuant to section 391.7, subdivision (a). We ordered her to file a written response addressing, among other things, whether the appeals in the nine enumerated cases summarized *ante* (collectively, the nine appeals) satisfy the requirements of section 391, subdivision (b)(1)(i). After requesting and receiving additional time to respond, she filed a written response to the OSC. Respondent The Lauriedale Homeowners Association also responded to the OSC; its response drew our attention to final adverse determinations in appeals Karnazes filed, while self-represented, in other appellate districts of this state.

After granting Karnazes's request for a continuance, we set the matter to be heard at an October 9, 2023 hearing. She appeared at the hearing and offered argument.

## DISCUSSION

We begin by summarizing the relevant aspects of the statutory scheme. The vexatious litigant statutes — sections 391 to 391.8 — are "designed . . . to protect opposing parties harassed by meritless lawsuits, [and] to conserve court time and resources and protect the interests of other litigants who are waiting for their legal cases to be processed through the courts." (*Marriage of*

---

*Airlines, Inc.* (9th Cir., Aug. 1, 2023, No. 21-15284) 2023 U.S.App. Lexis 19762. While we do not include these appeals in our section 391 analysis, they demonstrate she "continues to subject litigation opponents and [courts] to groundless claims." (*In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 1006 (*Marriage of Falcone*).)

4

*Falcone*, *supra*, 203 Cal.App.4th at p. 1005.) "California's vexatious litigant statutes are constitutional." (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 541.)

Section 391, subdivision (b) defines several categories of vexatious litigants. Under the first category, a litigant is vexatious if they have filed, while self-represented, at least five qualifying litigations within the past seven years that were "finally decided adversely" to them. (§ 391, subd. (b)(1)(i) [excluding actions in small claims court].) Litigation is defined as any "civil action or proceeding, commenced, maintained or pending in any state or federal court" (*id.*, subd. (a)), including "an appeal." (*Garcia*, *supra*, 231 Cal.App.4th at p. 406.) An action is "within the ' "immediately preceding seven-year period" ' so long as it was filed or maintained during that period." (*Id.*, fn. 4.) The seven-year period is measured from the date the motion or OSC is filed. (*Ibid.*; *Stolz v. Bank of America* (1993) 15 Cal.App.4th 217, 224–225.) An action is "finally determined adversely" to the litigant under section 391 if they do not win the action or proceeding they began — including appeals they have voluntarily dismissed and those involuntarily dismissed for procedural defects — and the "avenues for direct review (appeal) have been exhausted or the time for appeal has expired." (*Garcia*, at pp. 406–407 & fn. 5; *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1173–1174 [appeal dismissed as untimely]; *Marriage of Falcone*, *supra*, 203 Cal.App.4th at p. 1006 [appeal dismissed for failure to file opening brief].)

If a self-represented litigant qualifies as vexatious under section 391, subdivision (b), a court may impose one of two remedies. (*Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1170–1171.) As relevant here, a court may enter a prefiling order preventing the self-represented vexatious litigant from filing new litigation without first obtaining permission from the presiding judge or

5

justice where the litigation is to be filed. (§ 391.7, subd. (a); *In re Marriage of Deal* (2022) 80 Cal.App.5th 71, 77.) Permission to file will be granted "only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay." (§ 391.7, subd. (b).) "The 'prefiling requirement "does not deny the vexatious litigant access to the courts, but operates solely to preclude the initiation of meritless lawsuits and their attendant expenditures of time and costs." ' " (*Deal*, at p. 77.)

We now turn to the arguments Karnazes presents in opposition to the OSC. First, she observes it is unusual for a court to issue an OSC rather than wait for an opposing party to move to declare a person vexatious. Even if true, the circumstances of this matter demonstrate the need for the issuance of an OSC. Where a litigant like Karnazes has initiated and maintained litigation in numerous jurisdictions — including state and federal courts — and against different parties, vexatious conduct may go unaddressed absent a court's action in the first instance. Second, she seems to contend an appellate court cannot declare her vexatious. Not so. Appellate courts have the power to declare litigants vexatious and to impose prefiling orders — and they have done so on several occasions. (See, e.g., *Marriage of Falcone, supra*, 203 Cal.App.4th at pp. 1005–1006; *In re R.H.* (2009) 170 Cal.App.4th 678, 683, disapproved on another point as stated in *John v. Superior Court* (2016) 63 Cal.4th 91, 99, fn. 2; *In re Whitaker* (1992) 6 Cal.App.4th 54, 55; *In re Luckett* (1991) 232 Cal.App.3d 107, 110.) Indeed, our high court has held an appellate court may declare a litigant vexatious "in the first instance." (*John*, at p. 99.)

Next, Karnazes asserts she is not vexatious because some of the appeals were resolved on terms satisfactory to her. Having reviewed the records of the nine appeals, we find no evidence to support this self-serving

6

statement.  (*Tokerud v. Capitolbank Sacramento* (1995) 38 Cal.App.4th 775, 779–780.)  Even assuming this is true, for purposes of section 391, a dismissal — voluntary or not — constitutes an adverse determination; it is the loss that matters, not whether a litigant is satisfied with the result.  (*Garcia, supra*, 231 Cal.App.4th at p. 406 ["litigation is finally determined adversely to a plaintiff" if they do "not win the action or proceeding," including voluntary dismissal of an action].)  Applying this definition, the nine appeals were determined adversely to her.  (See *In re Kinney* (2011) 201 Cal.App.4th 951, 960.)  She also insists "some" of the nine appeals aren't "final" within the meaning of section 391, subdivision (b)(1)(i).  Not so.  Each of the nine appeals "represents a final determination of a litigation in a manner that was adverse to [her]" under the statute.  (*Fink v. Shemtov, supra*, 180 Cal.App.4th at p. 1174.)

Karnazes's other arguments fare no better.  Her insistence that the nine appeals are not frivolous is misguided.  A finding that she engaged in tactics that were frivolous or intended to cause unnecessary delay is not required under section 391, subdivision (b)(1)(i); we make no such finding, nor need we.  (Compare with § 391, subd. (b)(3); see *Wolfgram v. Wells Fargo Bank* (1997) 53 Cal.App.4th 43, 49.)  The statute requires only that five qualifying litigations were finally determined adversely to her within a specific time period.  That standard is satisfied here.  That a trial court declined to find her vexatious when applying an alternative definition of "vexatious litigant" (§ 391, subds. (b)(1)(ii), (b)(2)) has no relevance when, as here, the statutory definition at section 391, subdivision (b)(1)(i) is applicable.

Finally, we are unpersuaded by Karnazes's attempt to cast herself as a litigant with "multiple meritorious cases" who deserves a "chance for justice." (*Wolfgram v. Wells Fargo Bank, supra*, 53 Cal.App.4th at p. 49 [rationale

7

behind § 391 subd. (b)(1) "is that there is a limit to how many causes of action an individual is likely to accrue"].) Our review of the dockets in the 31 appeals Karnazes has filed since 2006 — including the nine appeals at issue here — demonstrates she has wasted " 'this court's time and resources.' " (*In re Whitaker*, *supra*, 6 Cal.App.4th at p. 57.) Adding up the time each matter was pending, the nine appeals cumulatively were pending for more than 28 years. In addition to the uncertainty that length of time has caused opposing parties — to say nothing of counsel and parties in other pending matters waiting for this court's attention — her conduct has imposed substantial costs on court staff in the form of responding to innumerable communications and addressing her repeated violations of the California Rules of Court. (*Whitaker*, at p. 57 [" 'the appellate system and the taxpayers of this state are damaged by what amounts to a waste of this court's time and resources' "].) Declaring Karnazes vexatious and imposing a prefiling order is "one small step to eliminate an obvious waste of judicial resources." (*Id.* at p. 55.)

## DISPOSITION

Elizabeth M. Barnson Karnazes — also known as Betsy Barnson — is hereby declared a vexatious litigant. (§ 391, subd. (b)(1)(i).) Henceforth, she may not file any new litigation in the courts of this state without first obtaining leave of the presiding judge or justice of the court where the litigation is proposed to be filed. (§ 391.7, subd. (a).) Disobedience of this order may be punished as a contempt of court. (*Ibid.*) The clerk of this court must provide a copy of this opinion and order to the Judicial Council (*id.*, subd. (f)), and to the presiding judge and clerk of the Superior Court for the City and County of San Francisco. No costs are awarded. (Cal. Rules of Court, rule 8.278(a)(5).) The appeal remains pending.

_____

Rodríguez, J.

WE CONCUR:


_____

Fujisaki, Acting P. J.


_____

Petrou, J.

A167888

Superior Court of San Francisco City and County, Hon. Anne-Christine Massullo.

Elizabeth Karnazes, in pro. per. for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Lann G. McIntyre; Law Offices of Scott C. Stratman, Wallace H. Sweet; Pedersen-Lauderdale, Jerome P. Bellotti for Defendant and Respondent.