* Pursuant to California Rules of Court, rules 976 and 976.1, this opinion is certified for partial publication. The portions to be published follow.
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 218 
OPINION
Donia Kate Green appeals from an order modifying the custodial arrangements for her two minor daughters to give sole legal and physical custody to her former husband, Stephen F. Lloyd. She raises a number of challenges to the order. In the published portion of this opinion, *Page 219 
we will conclude the trial court's practice of appointing a guardian ad litem to represent minors in family law cases is without authority. In the unpublished portions, we will address appellant's various contentions and conclude the matter must be remanded for reconsideration of the issues of custody and visitation.
 STATEMENT OF THE CASE AND FACTS
The procedural history and facts of this case are not relevant to the issues discussed in the published portion of this opinion and not related for publication.
. . . . . . . . . . . . . . . . . . . . . . . . . . . . .*
 DISCUSSION I.*
. . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 II. (1a) The guardian ad litem was appointed on April 14, 1994, pursuant to respondent's motion. Appellant urges this appointment was improper because it was made without notice; the guardian ad litem does not meet the criteria set out in the Humboldt County Trial Court Rules or state law for evaluators in child custody disputes; and the guardian ad litem was influenced by the court's prejudice against appellant.
The guardian ad litem urges appellant has waived the right to contest the procedures by which the appointment was made by failing to appeal the order making the appointment. (2) If a party fails to appeal an appealable order within the prescribed time, this court is without jurisdiction to review that order on a subsequent appeal. (Code Civ. Proc., § 906; Kinoshita v.Horio (1986) 186 Cal.App.3d 959, 967 [231 Cal.Rptr. 241]; Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 1995) ¶ 2:13, p. 2-8.) (3) An order appointing a guardian ad litem is not appealable. (In reMarriage of Caballero (1994) 27 Cal.App.4th 1139, 1149
[33 Cal.Rptr.2d 46].) The guardian ad litem apparently views the appointment order as an appealable order made after an appealable judgment. (Code Civ. Proc., § 904.1, subd. (b).) (4) Not every postjudgment order, however, is appealable. (Lakin v. WatkinsAssociated Industries (1993) 6 Cal.4th 644, *Page 220 
651 [25 Cal.Rptr.2d 109, 863 P.2d 179].) To be appealable, a postjudgment order must raise issues different from those arising from an appeal from the judgment, "`affect the judgment or relate to it by enforcing it or staying its execution,'" and itself be final. (Ibid., fn. 3.) The order must be one that "is not preliminary to later proceedings, and will not become subject to appeal after some future judgment." (Id. at p. 656; In reMarriage of Levine (1994) 28 Cal.App.4th 585, 589
[33 Cal.Rptr.2d 559].) (1b) Here, as the guardian ad litem was obviously appointed in contemplation of future hearings and orders on custody and visitation, the appointment order was preliminary to these future proceedings and not appealable. Accordingly, it is subject to appeal now, on review of the custody order on appeal.[3]
(5a) Rather than address the merits of appellant's contentions, however, we turn our attention to a more fundamental problem with the appointment of the guardian ad litem. As reflected in a May 1995 memorandum from Judge Buffington, addressed to family law attorneys, of which we take judicial notice (Evid. Code, § 452), the trial court apparently makes a general practice of appointing a guardian ad litem in family law cases. In this memorandum, Judge Buffington refers to the guardian ad litem as being appointed to "present reports and recommendations," to "make orders in re" specified issues relating to custody, visitation, and parenting, and to "give the Court input" on those issues. The cited authority for such appointment is Evidence Code section 730 and Code of Civil Procedure sections 638 and 639. The memorandum names Davis and two other individuals who may be appointed and states, "This policy is to be applied to all active cases."
Evidence Code section 730, discussed above, authorizes the court to appoint experts to investigate, report and testify on issues for which expert evidence is required. Code of Civil Procedure sections 638 and 639 provide for the court to order a reference upon the agreement of the parties (§ 638) or, in certain instances, without the parties' consent (§ 639). These statutes thus enable the court to obtain the assistance of an expert to advise it, or a referee to determine certain issues; in either case, the statutes contemplate utilization of an individual who is, presumably, neutral and objective, aligned with the court rather than with any party to the action.
(6) A guardian ad litem is a party's representative; his or her role is "`more than an attorney's but less than a party's. The guardian may make *Page 221 
tactical and even fundamental decisions affecting the litigation but always with the interest of the guardian's charge in mind.'" (In re Marriage of Caballero, supra, 27 Cal.App.4th 1139,1149, quoting In re Christina B. (1993) 19 Cal.App.4th 1441,1453 [23 Cal.Rptr.2d 918].) (5b) The role of a guardian ad litem as representative of a party is inconsistent with that of a neutral court-appointed expert or referee to whom portions of a case are submitted for determination. A guardian ad litem would also appear unnecessary to fulfill the functions described in the trial court's memorandum. The objective of the court in seeking "reports and recommendations" and "input" on custody, visitation and related issues may be met by appointment of an expert under Evidence Code section 730; in fact, the court appointed Dr. Soper to evaluate the family and relied heavily on this expert's conclusions in rendering its decision. In addition, Family Code section 3111 authorizes use of a "court appointed investigator" to "conduct a custody investigation and file a written confidential report on it." The provision in Judge Buffington's memorandum for a guardian ad litem to "make orders" is completely devoid of authority, at least in the absence of the parties' specific consent to a reference. (7) While the parties may agree to have a referee determine any issues (Code Civ. Proc., §638; Ruisi v. Thieriot (1997) 53 Cal.App.4th 1197, 1208
[62 Cal.Rptr.2d 766] [petition for review pending]), where the parties do not agree, any reference must be limited to statutorily prescribed issues which do not include either legal issues or matters not pending at the time of the reference. (Ruisi v. Thieriot, supra, 53 Cal.App.4th at pp. 1209-1211.) Interestingly, Judge Buffington's memorandum says nothing about appointing a guardian ad litem to protect and represent the minor's interests, the basis upon which the guardian ad litem seeks to justify the appointment. The Family Code's provision for appointment of counsel for minors (Fam. Code, § 3150), however, serves this purpose.
(5c) The Family Law Act contains no provision for appointment of a guardian ad litem to represent minors. The guardian ad litem, however, urges such authority may be found in Code of Civil Procedure section 372 This statute provides in pertinent part: "When a minor, an incompetent person, or a person for whom a conservator has been appointed is a party, that person shall appear either by a guardian or conservator of the estate or by a guardian ad litem appointed by the court in which the action or proceeding is pending, or by a judge thereof, in each case. A guardian ad litem may be appointed in any case when it is deemed by the court in which the action or proceeding is prosecuted, or by a judge thereof, expedient to appoint a guardian ad litem to represent the minor, incompetent person, or person for whom a conservator has been appointed, notwithstanding that the person may have a guardian or conservator of the estate and may have appeared by the guardian or conservator of the estate. The guardian or conservator of the estate or guardian ad *Page 222 
litem so appearing for any minor, incompetent person, or person for whom a conservator has been appointed shall have power, with the approval of the court in which the action or proceeding is pending, to compromise the same, to agree to the order or judgment to be entered therein for or against the ward or conservatee, and to satisfy any judgment or order in favor of the ward or conservatee or release or discharge any claim of the ward or conservatee pursuant to that compromise. . . ."
Code of Civil Procedure section 373 provides in pertinent part: "When a guardian ad litem is appointed, he or she shall be appointed as follows: [¶] (a) If the minor is the plaintiff the appointment must be made before the summons is issued upon the application of the minor, if the minor is of the age of 14 years, or if under that age, upon the application of a relative or friend of the minor. [¶] (b) If the minor is the defendant,
upon the application of the minor, if the minor is of the age of 14 years, and the minor applies within 10 days after the service of the summons, or if under that age, or if the minor neglects to apply, then upon the application of a relative or friend of the minor, or of any other party to the action, or by the court on its own motion. [¶] (c) If an insane or incompetent person is a party to an action or proceeding, upon the application of a relative or friend of such insane or incompetent person, or of any other party to the action or proceeding, or by the court on its own motion." (Italics added.)
As is apparent from the statutory provisions quoted, a guardian ad litem is appointed for a minor when the minor is a party to an action: Code of Civil Procedure section 372 authorizes a guardian ad litem to perform acts on behalf of a party and section 373
provides for appointment of a guardian ad litem for a minor who is a plaintiff or defendant in an action. The guardian ad litem suggests, in a letter brief filed in response to this court's request to address the issue of statutory authorization for appointment of a guardian ad litem for minors in family law cases, that such authority is to be found in the provision of Code of Civil procedure section 372 that "[a] guardian ad litem may be appointed in any case when it is deemed by the court in which the action or proceeding is prosecuted, or by a judge thereof, expedient to appoint a guardian ad litem to represent the minor, incompetent person, or person for whom a conservator has been appointed, notwithstanding that the person may have a guardian or conservator of the estate and may have appeared by the guardian or conservator of the estate." Read out of context, this provision indeed appears to broadly authorize appointment of a guardian ad litem to represent a minor, incompetent person or conservatee in any case. The provision must, however, be read in the context of the statute in which it appears. Code of Civil Procedure section 372, subdivision (a), as quoted above, first requires that a minor who is a party appear by a guardian or *Page 223 
conservator of the estate or by a guardian ad litem, and then authorizes the guardian, conservator or guardian ad litem to take actions on behalf of a party to the action. Similarly, Code of Civil Procedure section 373, which sets out the procedure for appointment of a guardian ad litem, makes no provision for such appointment except in cases where the minor is a party.[4] The provision of Code of Civil Procedure section 372 upon which the guardian ad litem relies, read in the context of these statutes that otherwise clearly deal only with minors who are parties to an action or proceeding, appears to us to do no more than clarify that a guardian ad litem may be appointed in a specific case even if the minor is otherwise represented by a guardian. Since minor children are not parties to dissolution actions, Code of Civil Procedure sections 372 and 373 do not provide authority for appointment of a guardian ad litem to represent them in such cases.[5]
In addition to the absence of statutory authority, the practice of appointing a guardian ad litem raises issues of compensation not addressed by Judge Buffington's memorandum. In the case of a court-appointed investigator, Family Code section 3112 requires the court to determine the financial condition of the person responsible for support of the minor and, if it finds the person able to pay all or part of the expense, order repayment to the county of the amount determined proper. Similarly, in providing for the court to appoint counsel for minors in custody or visitation proceedings where the court determines such appointment to be in the best interests of the minor, the Family Code requires the attorney's compensation to be paid by the parties, in proportions the court deems just, or, if the court finds the parties are unable to pay all or a portion of the compensation, by the county. (Fam. Code, § 3153) The court's appointment of a guardian ad litem imposes an additional cost of litigation upon the parties without apparent statutory authorization. *Page 224 
In sum, the appointment of a guardian ad litem for children in family law cases appears to be without statutory authority, unsuited to the functions the trial court sought to have performed, and unnecessary in light of existing statutory procedures for fulfillment of those functions. In view of this conclusion we need not address appellant's contentions regarding the qualifications of the guardian ad litem appointed in the present case. We do note, however, that appellant cites no basis in the record, and we find none, for her assertion that the guardian ad litem's reports were influenced by the trial court's alleged bias against appellant.
 III.
. . . . . . . . . . . . . . . . . . . . . . . . . . . . .*
The matter is remanded with directions to vacate the order appointing the guardian ad litem and to reconsider the issues of custody and visitation in light of the views expressed herein and present circumstances of the parties.
Haerle, J., and Lambden, J., concurred.
* See footnote, ante, page 216.
[3] It appears appellant did object to the appointment of the guardian ad litem. While her written papers merely sought postponement of the appointment "until mediation can occur between parties," the guardian ad litem's brief states: "It appears that Judge Ferroggiaro appointed the Center for Child Advocacy (Dancer Davis), as GAL over the objection ofappellant. . . ." (Italics added.)
[4] The guardian ad litem's suggestion that Code of Civil Procedure section 373, subdivision (c), allows for appointment of a guardian ad litem for a minor upon application of a relative, friend, or party to the action, or upon the court's motion, misreads this statute: Code of Civil Procedure section 373, subdivision (c), deals with appointment of a guardian ad litem for "an insane or incompetent person" who is a party to an action or proceeding, not with such appointment for a minor, which is dealt with in subdivisions (a) and (b), concerning minors who are either plaintiffs or defendants.
[5] Specific statutory authority for appointment of a guardian ad litem to represent minors does exist under the juvenile court law. (Welf. Inst. Code, §§ 326, 356.5.) Juvenile court proceedings, of course, differ markedly from family court ones in purpose, function and procedure. (See Edwards, The Relationshipof Family and Juvenile Courts in Child Abuse Cases (1987) 27 Santa Clara L.Rev. 201.) Among other things, in juvenile court proceedings, in which minors are parties (Welf. Inst. Code, §317.5), the court acts to protect children from abuse or neglect by their parents, possibly by removing them from parental custody, rather than to assist in the resolution of private disputes over custody and visitation between presumptively fit parents. (In re Chantal S. (1996) 13 Cal.4th 196, 201
[51 Cal.Rptr.2d 866, 913 P.2d 1075].) *Page 225