Filed 7/22/13  Greenlake Capital v. Bingo Investments CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| GREENLAKE CAPITAL, LLC,<br><br>    Plaintiff, Cross-defendant and Appellant,<br><br>v.<br><br>BINGO INVESTMENTS, LCC,<br><br>    Defendant, Cross-complainant and Respondent. | B243360<br><br>(Los Angeles County<br>Super. Ct. No. BC375204) |

       APPEAL from a judgment of the Superior Court of Los Angeles County, Amy D. Hogue.  Dismissed.

       Law Offices of John Belcher, John A. Belcher and Nicholas W. Song, for Plaintiff, Cross-defendant and Appellant.

       Johnston Lawyers, Bruce Johnston, Emanuel F. Jacobowitz; Law Offices of Max J. Sprecher and Max J. Sprecher, for Defendant, Cross-complainant and Respondent.

                   _____

Following a three-day bench trial the court entered judgment in favor of Bingo Investments, LLC on GreenLake Capital, LLC's complaint for breach of contract and unjust enrichment and in favor of GreenLake on Bingo's cross-complaint for breach of fiduciary duty and fraud. Although GreenLake formally appeals from the June 18, 2012 judgment, its briefs on appeal challenge only the trial court's order of November 1, 2011 vacating an earlier $3,866,625 judgment in favor of GreenLake entered after a trial at which Bingo failed to appear. Because the November 1, 2011 order is not reviewable in this appeal and GreenLake has raised no other issues, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACGROUND

As discussed in more detail in our prior opinion in this case, *GreenLake Capital, LLC v. Bingo Investments, LLC* (2010) 185 Cal.App.4th 731, in November 2006 Bingo retained GreenLake to assist in raising financing to support its business activities. In mid-2007 GreenLake claimed it was entitled under the parties' letter agreement to a $3 million fee for identifying and procuring a $150 million credit facility in favor of Bingo, secured at least in part by Bingo's liens on real property. Bingo made partial payments totaling $300,000 but insisted no further fees were due until an affiliated entity began to draw down on the credit facility. GreenLake filed this lawsuit.[1]

Bingo and codefendant Centurion Financial Group, LLC successfully moved for summary judgment, arguing GreenLake had forfeited its right to recover the agreed-upon $3 million fee because the financing negotiated by GreenLake was secured directly or collaterally by interests in real property and GreenLake did not hold a California real estate broker's license. (See Bus. & Prof. Code, § 10131.) We reversed, holding a disputed issue of fact existed as to whether any of the services provided by GreenLake fell within the scope of the Business and Professions Code provisions concerning unlicensed brokerage activities and, if so, whether the letter agreement should be

---

[1] GreenLake also sued Centurion Financial Group, LLC, Bingo's business manager, which had acted as Bingo's originating agent and serviced its loans.

2

enforced to the extent it was not barred by those provisions. (*GreenLake Capital, LLC v. Bingo Investments, LLC, supra,* 185 Cal.App.4th at p. 740.)

Shortly after the case returned to the trial court, Bingo's attorneys moved to withdraw. (Counsel also moved to withdraw from their representation of codefendant Centurion Financial.) The moving papers identified a registered agent for service on Bingo, a Washington State limited liability company, in Seattle, Washington.[2] The motion was granted on October 7, 2010. At the same time the court scheduled a status and trial setting conference for November 12, 2010. Former counsel for Bingo sent a copy of the signed order granting the motion to be relieved as counsel and notice of the November 2010 conference to the registered agent in Seattle.

Bingo did not appear at the November 12, 2010 conference, and no new counsel was identified. The court continued the hearing to January 26, 2011 and set an order to show cause re imposition of sanctions for failure to appear. Bingo again made no appearance at the continued hearing on January 26, 2011. The court imposed $1,000 in sanctions, set a trial date of March 21, 2011 and noted "defendants appear to have abandoned defense." GreenLake gave notice of the trial date to Bingo at the address provided by Bingo's former lawyers.

A bench trial was held on March 21, 2011. Bingo did not appear. GreenLake presented testimony and documentary evidence. A judgment was entered on April 19, 2011 against Bingo and Centurion Financial for $3,866,625.

On April 30, 2011 Bingo changed its official registered agent for service of process in the Washington Secretary of State's office. GreenLake registered its judgment in the State of Washington in early May 2011 and gave notice of this entry of foreign judgment to both the agent whose address it had been using since the withdrawal of Bingo's litigation counsel and Bingo's newly named agent for service of process at

---

[2] Bingo subsequently explained in its motion to vacate the April 2011 judgment that, at the time, Bingo's registered agent in Washington was Centurion Financial's business lawyer and Centurion Financial had been responsible for retaining the lawyers in California to defend both it and Bingo and for managing the litigation.

Bingo's business address in Bellevue, Washington.  Upon receipt of this notice Bingo moved for a new trial or to vacate the judgment in Washington.  That motion was denied on June 15, 2011 "without prejudice to the parties reapplying should the L.A. County court amend or vacate the underlying California judgment."

On September 21, 2011 Bingo moved to vacate the judgment pursuant to Code of Civil Procedure section 473, subdivision (b), arguing it had relied on its codefendant and "mendacious former business manager," Centurion Financial, to manage its defense.  According to Bingo, Centurion Financial had abandoned Bingo after this court reversed the summary judgment; and the registered agent, Centurion Financial's lawyer, failed to advise Bingo of any of the notices he had received from the court or GreenLake, including the notice of the March 21, 2011 trial date.

GreenLake opposed the motion, emphasizing there was no contention it had not sent all the required notices to the address for Bingo's registered agent provided by Bingo's former attorneys or that the registered agent had not actually received the notices:  "It is difficult to believe that Foster, an attorney licensed in Washington, failed to send to Bingo any of the dozen or so notices he received.  The absence of a declaration from Cameron Foster speaks volumes about the credibility of Bingo's assertion it received no notices."  GreenLake argued Bingo had failed to show excusable neglect or to demonstrate reasonable diligence in seeking relief.

The trial court granted Bingo's motion on November 1, 2011 after taking the matter under submission.  The court found Bingo's former counsel had erred under Washington law when he designated the address for Bingo's agent for service of process and Bingo had demonstrated diligence by moving promptly to vacate the judgment in Washington state court once it had received actual notice.  "Although Bingo could have been more diligent monitoring this action and should have filed this motion to vacate more promptly, the court finds that under the circumstances of this case, denying the motion would effect an injustice."  The court vacated the April 19, 2011 judgment as to

4

Bingo (not Centurion Financial) and reset the matter for trial on March 19, 2012. Notice of the court's order was served by mail on November 3, 2011.

A three-day bench trial was held March 20-22, 2012 at which the court heard testimony, including expert testimony, and received several hundred pages of documents in evidence. The court issued a detailed, 13-page statement of decision and entered its final judgment on June 18, 2012, finding against GreenLake on its claims for breach of contract and unjust enrichment and against Bingo on its cross-complaint for breach of fiduciary duty, fraud and unjust enrichment. GreenLake filed a notice of appeal on August 15, 2012 from "the [j]udgment entered on June 18, 2012."

## DISCUSSION

The trial court's order vacating the April 19, 2011 judgment against Bingo for $3,866,625 was directly appealable. (Code Civ. Proc., § 904.1, subd. (a)(2) [appeal may be taken from an order made after an appealable judgment]; see *Shapiro v. Clark* (2008) 164 Cal.App.4th 1128, 1137 [a postjudgment grant or denial of relief from judgment after default "is a special order after judgment on a statutory motion to set aside the judgment, and as such is appealable"]; *Baldwin v. Home Savings of America* (1997) 59 Cal.App.4th 1192, 1195 ["[t]he posttrial order granting reconsideration and vacating a portion of an appealable judgment is itself appealable"]; *Elsea v. Saberi* (1992) 4 Cal.App.4th 625, 628 ["[i]t is well established that a direct appeal may be taken from an order granting a statutory motion to set aside a default judgment [citation] so long as the underlying judgment sought to be vacated is an appealable final judgment [citation] and is not conditioned on a second order unconditionally vacating the judgment"]; see generally 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 194, p. 271 ["If the court grants a motion to vacate under either [Code Civ. Proc., §§] 473 or 663 [citation], the prior judgment is nullified, and the only way to review the vacating order is by a direct appeal from it. Hence, it is treated as an order after final judgment, and is appealable."].)

The order vacating the April 19, 2011 judgment was entered on November 1, 2011. Notice of the court's order was served by mail on November 3, 2011. The time

5

for GreenLake to appeal from that order had long since expired when GreenLake filed its notice of appeal on August 15, 2012. (Cal. Rules of Court, rule 8.104(a)(2) [limiting time to appeal after party serves notice of entry of judgment (or appealable order) to 60 days].) Thus, we have no jurisdiction to consider an appeal from the November 1, 2011 order vacating the April 19, 2011 judgment. (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56 ["[t]he time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal"]; *Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 662 [appellate court has no jurisdiction to review untimely appeal]; *City of Los Angeles v. Glair* (2007) 153 Cal.App.4th 813, 818-819 [same]; see *In re Marriage of Lloyd* (1997) 55 Cal.App.4th 216, 219 [policy of liberal construction of appeal does not confer power on court to consider untimely appeal].)

GreenLake's appeal from the judgment ultimately entered in the case on June 18, 2012 does not revive its right to appeal from the order vacating the default judgment. (Code Civ. Proc., § 906 [on appeal from a final judgment, appellate court may review "any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment or order appealed from or which substantially affects the rights of a party"; however, "[t]he provisions of this section do not authorize the reviewing court to review any decision or order from which an appeal might have been taken"]; see *Van Sickle v. Gilbert* (2011) 196 Cal.App.4th 1495, 1515, fn. 14 [on appeal from final judgment, court has no jurisdiction to review order denying motion that was separately appealable]; *Vanyek v. Heard* (1971) 18 Cal.App.3d 467, 469 [court has no jurisdiction to review July 25, 1967 order setting aside default and default judgment on appeal from October 24, 1969 order of dismissal]; see also *Ricketts v. McCormack* (2009) 177 Cal.App.4th 1324, 1337.)

GreenLake does not dispute these fundamental principles limiting our appellate jurisdiction, but distorts one of those rules to argue it has not forfeited its right to seek review of the November 1, 2011 order vacating the April 19, 2011 judgment. First,

GreenLake correctly observes that orders setting aside or vacating a judgment are separately and directly appealable only if the underlying judgment or order itself is appealable. Then, GreenLake posits the time to appeal from the April 19, 2011 judgment had lapsed several months before Bingo filed its motion to vacate on September 21, 2011.[3] Accordingly, it contends, the trial court did not set aside an "appealable" order or judgment; the order vacating the judgment, therefore, was not separately appealable; and it may now properly challenge the November 1, 2011 order in this appeal from the June 18, 2012 judgment.

GreenLake's argument fundamentally misperceives the required element of "appealability" in this context. As discussed, an order vacating a judgment is generally appealable under Code of Civil Procedure section 904.1, subdivision (a)(2), as an order made after a judgment made appealable by section 904.1, subdivision (a)(1). Code of Civil Procedure section 904.1, subdivision (a)(1), in turn, provides that an appeal may be taken from any final judgment—that is, all judgments other than (with certain specified exceptions) "an interlocutory judgment." Thus, the question is not whether the underlying judgment was *currently* appealable (that is, the time to appeal had not yet lapsed) when the motion to vacate was filed, but whether the judgment was appealable under section 904.1, subdivision (a)(1), so that the order vacating or setting it aside falls

---

[3]    GreenLake's factual premise concerning the deadline for Bingo to appeal from the April 19, 2011 judgment not only leads to an erroneous legal conclusion, as discussed in the text, but also is itself problematic. To be sure, notice of entry of that judgment was served on April 25, 2011. However, as the trial court found in granting Bingo's motion to vacate, the address provided to GreenLake and the court for Bingo's agent for service of process—and the address used for service of the notice of entry of judgment—did not comply with the requirements of Washington State law, which mandates use of a company's registered corporate address. Accordingly, that notice may have been insufficient to trigger the 60-day period for filing a notice of appeal, in which case Bingo would have had until October 17, 2011 (that is, 180 days from entry of the judgment) to file its notice. (See Cal. Rules of Court, rule 8.104(a)(1)(B), (C).) The motion to vacate judgment was filed well before the expiration of that 180-day period. Contrary to GreenLake's suggestion, Bingo's actual notice of the judgment sometime in May 2011 does not reduce the period available for filing a notice of appeal.

7

within section 904.1, subdivision (a)(2). (See *Solis v. Vallar* (1999) 76 Cal.App.4th 710, 713 [case law has developed three requirements for an appealable order after judgment: "the underlying judgment is appealable under section 904.1, subdivision (a)(1), the order involves issues different from those addressed in the underlying judgment, and it affects the judgment or relates to it by enforcing it or staying its execution"]; *Neilsen v. Saylors* (1956) 146 Cal.App.2d 139, 140 [no appeal permitted from an order vacating a nonfinal, nonappealable ruling].) Using the correct definition, there can be no doubt the April 19, 2011 judgment was final and appealable and, as a consequence, the November 1, 2011 order setting it aside was also directly appealable.

Apart from its impermissible attempt to challenge the November 1, 2011 order setting aside the April 19, 2011 judgment, GreenLake raises no claims of reversible error or other defect in the June 18, 2012 judgment. Accordingly, we treat the appeal as abandoned and dismiss it. (See *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 8 ["'[a] "reviewing court has inherent power, on motion or its own motion, to dismiss an appeal which it cannot or should not hear and determine"'"]; *In re Sade C.* (1996) 13 Cal.4th 952, 994.)

## DISPOSITION

The appeal is dismissed. Bingo Investments, LLC is to recover its costs on appeal.


PERLUSS, P. J.

We concur:


ZELON, J.                    SEGAL, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8