Filed 10/14/15  P. v. Shoemaker CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C078354 |
| Plaintiff and Respondent, | (Super. Ct. Nos. NCR88105, NCR89073, NCR89074) |
| v. | |
| ROBERT LEE SHOEMAKER, JR., | |
| Defendant and Appellant. | |

Defendant Robert Lee Shoemaker, Jr., appeals from judgment entered January 21, 2015, following the trial court's revocation of his probation.

Defendant initially challenged the trial court's finding that he had violated probation by failing to conduct himself as a good citizen, contending the condition was unconstitutional on its face and void for vagueness.  We requested supplemental briefing, asking whether we have jurisdiction to hear this claim, noting that the trial court had imposed the probation condition at issue during defendant's March 17, 2014 sentencing hearing, from which he had not appealed.

1

The Attorney General responded that defendant's appeal was untimely. Defendant filed a supplemental letter brief purporting to clarify that his challenge to the probation condition is "to some degree an as-applied constitutional challenge because he is arguing the clause is vague as applied to [his] conduct which formed the basis for the revocation of his probation." As we will explain, we lack jurisdiction to hear his original facial challenge and find his as-applied challenge forfeited due to his failure to object to the probation condition's constitutionality in the trial court. Accordingly, we shall affirm.

**BACKGROUND**

On February 18, 2014, defendant entered into a negotiated disposition wherein he pled guilty to the following offenses: making criminal threats and false imprisonment (case No. NCR89074); failure to appear at a court hearing while released on bail (case No. NCR89073); and possession of a controlled substance and being a felon in possession of ammunition (case No. NCR88105). In exchange for his plea, it was agreed he would receive a suspended prison sentence of seven years eight months and a grant of probation.

On March 17, 2014, the trial court sentenced defendant to an aggregate term of seven years eight months, suspended execution of sentence, and placed defendant on formal probation for five years. One of the conditions of defendant's probation was that he "obey all laws and conduct himself as a good citizen." Defendant waived formal reading of the terms and conditions of probation and later signed the probation order. Defendant did not object to the condition at issue and did not appeal his sentence.

On October 22, 2014, petitions for revocation of probation were filed, alleging defendant had violated the order of probation, in that "Term 3 requires the defendant shall obey all laws and conduct himself as a good citizen. [¶] On September 5, 2014, the defendant admitted slapping his live-in girlfriend, and breaking her lattice fence." The court held a probation revocation hearing on November 18, 2014, at which defendant's girlfriend, the responding deputy, and defendant's probation officer testified. The deputy

2

testified that he responded to a call and learned that defendant and his girlfriend had an argument that had turned physical. Defendant told the deputy that he had destroyed some lattice in the backyard, his girlfriend became angry, hit him with a piece of lattice, and he responded by slapping her. Defendant's probation officer testified that she spoke with defendant after the incident and defendant told her that his girlfriend had attacked him with the lattice fence and he "smacked" her. Defendant's girlfriend testified that she has a temper problem and had thrown a piece of lattice at defendant. She said defendant did not hit her and she did not tell the deputy that he did.

The trial court made the following finding: "I am convinced that, indeed, he did slap her. I question the credibility of Mrs. Shoemaker even though she tries to give us a set of facts that are different from what I have heard from the other witnesses. The Court is convinced by preponderance of the evidence that, indeed, the allegation is true, that the defendant is in violation of probation by failing to conduct himself as a good citizen, and the substance of that allegation is that he did, in fact, slap her, and I don't know that it matters he broke the lattice fence or who broke it. Quite frankly, the slapping is sufficient. So I do find the defendant to be in violation of probation in all three cases." The trial court revoked defendant's probation and sentenced him to state prison. Defendant did not object to the constitutionality of the allegation or corresponding probation condition at any time before, during, or after the hearing or at the subsequent sentencing hearing. Defendant timely appealed.

## DISCUSSION

As we described *ante*, defendant's challenge is to the condition of probation requiring that he conduct himself as a good citizen. In his opening briefing, he couched his challenge to the condition as a facial challenge, arguing that because his challenge raised "a pure issue of law" it was not forfeited on appeal by his admitted failure to object to the condition in the trial court at the time of his probation revocation and sentencing. After we questioned whether we had *jurisdiction* to hear this claim, given defendant's

3

failure to appeal the terms and conditions of his probation within 60 days of issuance of the order of probation, he purported to clarify that his challenge to the probation condition was also an as-applied challenge.

We first discuss and find untimely defendant's original claim that the condition is unconstitutional on its face.

An order granting probation is an appealable order. (Pen. Code, § 1237, subd. (a); *People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421; *People v. Howard* (1965) 239 Cal.App.2d 75, 75-77.) "In general, an appealable order that is not appealed becomes final and binding and may not subsequently be attacked on an appeal from a later appealable order or judgment. [Citations.] Thus, a defendant who elects not to appeal an order granting or modifying probation cannot raise claims of error with respect to the grant or modification of probation in a later appeal from a judgment following revocation of probation. [Citations.]" (*Ramirez,* at p. 1421; *People v. Vest* (1974) 43 Cal.App.3d 728, 731; *People v. Glaser* (1965) 238 Cal.App.2d 819, 824 [if no appeal taken from order granting probation, a later appeal from judgment entered after revocation can only review fundamental jurisdictional defects].)

Here, the trial court imposed the challenged probation condition at defendant's initial sentencing in March 2014. Although defendant could have appealed and challenged the condition within 60 days after it was imposed (Cal. Rules of Court, rule 8.406(a)(1)), he did not do so. Thus, his facial challenge to the probation condition is untimely. (*In re Shaun R*. (2010) 188 Cal.App.4th 1129, 1138.) A timely notice of appeal is " ' "essential to appellate jurisdiction." ' " (*Ibid*.) Without it, we cannot consider the issue. "If a party fails to appeal an appealable order within the prescribed time, this court is without jurisdiction to review that order on a subsequent appeal." (*In re Marriage of Lloyd* (1997) 55 Cal.App.4th 216, 219.)

We now turn to defendant's newly modified constitutional argument, challenging the condition at issue as applied. As we have noted, defendant did not object to the good

citizen condition at any point during the revocation or subsequent sentencing hearings. As a general rule, a defendant must first raise the issue in the trial court in order to challenge a probation condition on appeal. (*People v. Quiroz* (2011) 199 Cal.App.4th 1123, 1127.) The exception to this forfeiture rule is where the challenge is to a "facial constitutional defect in the relevant probation condition" and is "capable of correction without reference to the particular sentencing record developed in the trial court" and is not applicable to an as-applied challenge where the constitutional defects are correctable only by examining factual findings in the record or remanding to the trial court for further findings. (*In re Sheena K.* (2007) 40 Cal.4th 875, 887.)

Here, the condition at issue also included the requirement that defendant obey all laws, but the trial court relied instead on the good citizen requirement. Although the trial court opined that the evidence of criminal battery *may* have been insufficient (suggesting in error that the corpus delecti rule applied to preclude reliance on defendant's admissions to find criminal conduct), had defendant objected to the good citizen requirement, the court would have been alerted to the need to consider further whether defendant's conduct was law abiding. Instead, it confined its analysis to whether defendant's slapping of his girlfriend in the face was good citizenship, and concluded it was not. The court had no occasion to decide whether defendant's admitted destruction of property and domestic violence was criminal in nature.

The rule of forfeiture applies to defendant's as-applied challenge and he cannot raise it for the first time on appeal. (*In re Sheena K., supra*, 40 Cal.4th at p. 889.)

## DISPOSITION

The judgment is affirmed.

                                                /s/_____, J.
DUARTE, J.

We concur:


_____/s/_____, Acting P. J.
BLEASE, J.


_____/s/_____, J.
MAURO, J.

6