Filed 4/25/23  Marriage of C.Y. and C.F. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re the Marriage of C.Y. and C.F. | D080202 |
| C.Y., | |
| Respondent, | (Super. Ct. No. ED95623) |
| v. | |
| C.F., | |
| Appellant. | |

APPEAL from orders of the Superior Court of San Diego County, Frank Birchak, Judge.  Dismissed.

C.F., in pro. per.; Decker Law and James D. Decker, for Appellant.

C.Y., in pro. per., for Respondent.

## INTRODUCTION

C.F.[1] (Father) appeals from a domestic violence restraining order (DVRO) issued against him for the protection of C.Y. (Mother), a motion for reconsideration of the DVRO, and two interim custody orders. We lack jurisdiction to consider this appeal because the appeal of the DVRO is untimely and none of the other rulings are appealable. Because we decline to exercise our discretion to treat the appeal of the custody orders as a petition for writ relief, we dismiss the appeal in its entirety.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises from a marital dissolution case. The petition for dissolution was filed in March 2015, and the court entered a "stipulated default judgment" in May 2015. Following postjudgment litigation, the parties reached a stipulation related to custody and child support in October 2018. Before the custody rulings that precipitated this appeal, the parties shared joint legal custody of M.F. and J.F. (together, the children). They shared joint physical custody of the younger child, J.F., while Mother had sole physical custody of M.F.

In February 2020, Father filed a request for order (RFO) modifying custody to award him sole legal and physical custody of both children.

On July 26, 2021, the trial court granted a DVRO protecting Mother, her current husband, and the child they share. The court left the existing custody orders regarding J.F. and M.F. in place. The court "granted a directed verdict in favor of [Father] on several alleged incidents," but "found true that, in 2014 and 2015, [Father] threatened to kill [Mother], kill himself,

---

[1]     Pursuant to rule 8.90 of the California Rules of Court, we refer to the parties by first and last initials only.

2

and take the whole family with him." On that basis, the DVRO was issued and required Father to stay at least 100 yards away from Mother, her home, her workplace, her family, and her vehicle, except when participating in exchanges of J.F.

On August 4, 2021, Father filed a motion for reconsideration of the DVRO. He did not attach proof that he served Mother with a copy of the motion.

The DVRO contained an "interim finding" that Family Code section 3044 was rebutted for J.F. "based on [J.F.'s] need for stability, the ongoing conflict being fueled by both sides, and [Mother's] initial request that the order not affect the custody orders."[2] At a subsequent hearing in August 2021, the court determined section 3044 did not apply because the abuse that warranted the DVRO had occurred more than five years prior to Mother's DVRO request.

---

[2] Family Code section 3044 provides: "Upon a finding by the court that a party seeking custody of a child has perpetrated domestic violence within the previous five years against the other party seeking custody of the child, or against the child or the child's siblings . . . there is a rebuttable presumption that an award of sole or joint physical or legal custody of a child to a person who has perpetrated domestic violence is detrimental to the best interest of the child, pursuant to Sections 3011 and 3020. This presumption may only be rebutted by a preponderance of the evidence. [¶] (b) To overcome the presumption set forth in subdivision (a), the court shall find that paragraph (1) is satisfied and shall find that the factors in paragraph (2), on balance, support the legislative findings in Section 3020." Paragraph (1) of subdivision (b) states: "The perpetrator of domestic violence has demonstrated that giving sole or joint physical or legal custody of a child to the perpetrator is in the best interest of the child pursuant to Sections 3011 and 3020." All further undesignated statutory references are to the Family Code.

On October 27, 2021, the court continued the hearing on Father's motion for reconsideration to December 9, 2021, "due to defective service and lack of valid proof of service." In a written ruling on January 24, 2022, the trial court denied the motion for reconsideration.

In December 2021, Father filed a request for a DVRO against Mother and sought to include the children as protected parties. The trial court denied Father's request for a temporary restraining order and set a hearing on his DVRO request for January 3, 2022. It appears Father did not properly serve Mother with his DVRO request, but the court verbally informed her of the hearing a few days ahead of time.

In late December 2021, Mother filed a responsive declaration to Father's February 2020 RFO seeking sole custody of the children. She requested "sole legal custody and physical custody" of both children and that the court limit Father's visitation with J.F. to alternating weekends. Mother alleged the children suffered medical issues and school problems that were related to custody issues. She also expressed concern that Father was engaging in "mental abuse" by discussing certain topics with J.F.

At the January 3, 2022 hearing on Father's DVRO request, the trial court told Mother it notified her of the hearing because it was "concerned" by the allegations in her December 2021 declaration that there was "a conversation [she] had with [J.F.] about [Father] embroiling [J.F.] in the proceedings and asking [J.F.] whether [J.F.] is his child and discussing [Mother's] . . . alleged infidelity." The court heard testimony from Mother about those discussions with J.F. After Mother agreed to waive personal service of Father's DVRO request and have his request heard on January 19, 2022, the court issued interim custody orders.

The trial court first noted that because Father requested the court include his children as protected parties in a DVRO against Mother, granting his request would have resulted in a change of custody. It stated: "Because [Father] requested relief functionally requiring a change of custody orders and did not waive the hearing under Family Code section 6320.5[, subdivision] (c), the court [found] that he [was] on notice that the issue of custody orders could be addressed" at the January 3, 2022 hearing. The court further concluded that, even if Father was not on notice, a change of custody was warranted and the "requirements for a change in custody without notice under Family Code section 3064 [had] been met."[3] Although neither party explicitly requested a custody change related to the DVRO proceedings, the court found it had discretion to modify a joint custody order on its own motion. Citing section 3087, the court stated, "An order for joint custody may be modified or terminated upon the petition of one or both parents or on the court's motion if it is shown that the best interest of the child requires modification or termination of the order."

The trial court concluded it was not in either child's best interest for Father to have joint legal or physical custody, noting there was "information that [Father] has exposed [J.F.] to court pleadings and disputes between the parents, most critically that he has asked eight-year-old [J.F.] whether [J.F.]

_____

[3]     Section 3064 authorizes the trial court to grant or modify a custody order on an ex parte basis if "there has been a showing of immediate harm to the child or immediate risk that the child will be removed from the State of California." (§ 3064, subd. (a).) " 'Immediate harm to the child' includes, but is not limited to . . . [h]aving a parent who has committed acts of domestic violence, where the court determines that the acts of domestic violence are of recent origin or are a part of a demonstrated and continuing pattern of acts of domestic violence." (§ 3064, subd. (b).)

5

is really his [child] and discussed allegations of [Mother's] infidelity." The court explained its view that, because J.F. has always known Father as J.F.'s father, his conduct "would destroy the emotional calm of any reasonable eight-year-old and, as such, is emotional abuse under the Domestic Violence Prevention Act." Father denied the allegations, but the court found his denial lacked credibility, particularly given that Father had filed a request for a genetic testing order to determine parentage of J.F. Although the court had found during the prior hearing on Mother's DVRO that the section 3044 presumption did not apply, it considered the past finding of abuse by Father as a factor in determining interim custody orders. In evaluating the best interests of the children under section 3011, subdivision (a)(2), the court concluded Father's current and prior conduct justified temporarily awarding sole legal and physical custody of the children to Mother. Father was allowed professionally supervised visitation with J.F. twice a week for three hours.

In making its ruling, the trial court made clear that the January 3, 2022 order was an interim order, and that it would review the interim order on January 19, and make a final custody determination at the trial scheduled for February 28. In anticipation of trial, the court ordered J.F. to be interviewed by Family Court Services "regarding [J.F.'s] preferences, communication in each home related to the case, and [J.F.'s] experiences in each home."

On January 19, 2022, the trial court had before it a laundry list of motions and requests by the parties, including Father's request for a DVRO, Father's motion for reconsideration, and a review of the January 3, 2022 interim custody order. Father stated he did not wish to pursue his DVRO request, and the court dismissed it without prejudice. The court then heard testimony from Father's partner regarding what she overheard and

witnessed related to the conversations in which Father allegedly exposed J.F. to court pleadings and disputes between the parents. At the conclusion of the hearing, the court stated that it would issue a written decision, but confirmed again that the orders would be interim and that no final custody determinations would be made until trial.

On January 24, 2022, the trial court issued a lengthy Findings and Order After Hearing (FOAH).[4] The court described in detail the evidence it considered in "continu[ing] to find that it [was] not in [M.F.] or [J.F.'s] best interest for [Father] to share joint legal custody at this time, for [J.F.] to have unsupervised visitation with [Father], or for [M.F.] to have contact [with Father] outside a therapeutic setting."

Father filed his appeal on February 25, 2022—three days before the trial to determine final custody orders.

DISCUSSION

Father seeks reversal of the following rulings: (1) the July 26, 2021 DVRO against him, (2) the January 24, 2022 order denying his motion for reconsideration of the DVRO, and (3) the January 3 and January 24, 2022 interim custody orders. We directed the parties to discuss the issue of appealability in their respective briefs. We conclude that we lack jurisdiction to consider the appeal because Father's appeal of the DVRO is untimely and none of the remaining rulings are appealable. We further decline to exercise our discretion to treat Father's appeal of the interim custody orders as a petition for writ relief. Consequently, we dismiss this appeal in its entirety.

---

[4]     Father filed this appeal in pro. per. After retaining counsel, he requested to augment the record with the January 24, 2022 FOAH. We granted his motion and augmented the appellate record with the FOAH and the exhibits the trial court attached to the FOAH.

7

I.

*Appellate Jurisdiction Is Lacking as to the DVRO*

Father's February 25, 2022 notice of appeal does not identify the July 26, 2021 DVRO as the order being appealed. Rather, it identifies only the minute orders dated December 30, 2021, January 3, 2022, January 19, 2022, and February 14, 2022.[5] While a notice of appeal must be liberally construed, it is not sufficient unless "it identifies the particular judgment or order being appealed." (Cal. Rules of Court, rule 8.100(a)(2); *Morton v. Wagner* (2007) 156 Cal.App.4th 963, 967.) None of the minute orders identified in the notice of appeal address the DVRO hearing, facts, or ruling. While the January 19, 2021 minute order references Father's motion to reconsider the July 26, 2021 DVRO, because Father separately appealed the ruling on that motion, this alone does not make clear he also intended to directly appeal the underlying DVRO. Thus, despite Father's statement to the contrary in the civil case information statement (CCIS), he has not appealed the July 26, 2021 DVRO.

However, we need not decide appealability on this ground. Even if we were to liberally construe the February 25, 2022 notice of appeal to include the July 26, 2021 DVRO, the appeal of the DVRO is also untimely. " '[T]he timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction.' " (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 881 (*K.J.*).) When, as here, the superior court does not serve a file-stamped copy of the order because the

---

[5]     To the extent Father challenged additional rulings in his notice of appeal that were not subsequently briefed on appeal, we deem them forfeited and do not address them. (*People v. Roscoe* (2008) 169 Cal.App.4th 829, 840 [issues not raised in the opening brief are forfeited].)

individuals listed in the DVRO were present at the hearing, the 60-day filing period for a notice of appeal does not apply. (*In re Marriage of Lin* (2014) 225 Cal.App.4th 471, 474–475.) Instead, "the notice of appeal must be filed within 180 days after entry of the judgment." (*Id.* at p. 475, citing Cal. Rules of Court, rule 8.104(a)(1)(C).) One hundred and eighty days from July 26, 2021 is January 22, 2022, making the February 25, 2022 appeal of the DVRO untimely. (Cal. Rules of Court, rule 8.104(b) ["[i]f a notice of appeal is filed late, the reviewing court must dismiss the appeal"].)

Father contends that his filing of a motion for reconsideration of the DVRO extended the deadline to appeal. If a party subsequently "*serves and files* a valid motion to reconsider an appealable order under Code of Civil Procedure section 1008, subdivision (a), the time to appeal from that order is extended for all parties until the earliest of: [¶] (1) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first motion to reconsider is filed; or [¶] (3) 180 days after entry of the appealable order." (Cal. Rules of Court, rule 8.108(e), italics added.)

In this case, the trial court entered the DVRO against Father on July 26, 2021. Father filed a motion for reconsideration of the DVRO on August 4, 2021, which was within the required 10 days. (See Code Civ. Proc., § 1008, subd. (a) [when a court grants an application for an order, a party affected by the order must make an application "to reconsider the matter and modify, amend, or revoke the prior order" "within 10 days after service upon the party of written notice of entry of the order"].) But he did not attach proof of service to his motion, and there is no evidence he properly served Mother. The trial court set a hearing on Father's motion for reconsideration for October 27, 2021. On that date, the court continued the hearing on Father's

motion for reconsideration "due to defective service and lack of valid proof of service."

To gain the benefit of rule 8.108 of the California Rules of Court, the party must "serve[ ] and file[ ]" the motion for reconsideration within 10 days. (Cal. Rules of Court, rule 8.108(e); Code Civ. Proc., § 1008, subd. (a).)  Here, as of the October 27, 2021 hearing—over two and a half months after he filed his motion for reconsideration—Father still had not properly served it upon Mother.  Consequently, his time to appeal the DVRO was not extended under rule 8.108, subdivision (e), rendering his current appeal of the DVRO untimely.[6]  Thus, we lack jurisdiction to hear Father's appeal of the DVRO. (See *K.J.*, *supra*, 8 Cal.5th at p. 881.)

## II.

*Appellate Jurisdiction Is Lacking as to the Motion for Reconsideration*

*of the DVRO*

Father also seeks to appeal the trial court's denial of his motion for reconsideration of the July 26, 2021 DVRO.  The court heard oral argument

---

[6]    Even if we were to presume proper service and apply California Rules of Court, rule 8.108(e), Father's February 25, 2022 appeal would still be untimely.  Rule 8.108(e) extends the time until the *earliest* of three options.  The first is "30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order."  (Cal. Rules of Court, rule 8.108(e).)  Because the court served its FOAH the day it was filed, this would be 30 days from January 24, 2022, or February 23, 2022.  The next option is "90 days after the first motion to reconsider is filed" (*ibid.*), which would be 90 days after August 4, 2021, or November 2, 2021.  The third option is "180 days after entry of the appealable order."  (*Ibid.*)  This would be 180 days after entry of the July 26, 2021 DVRO, or January 22, 2022.  The earliest of these options is November 2, 2021, and all three are prior to the February 25, 2022 date of Father's appeal.  Thus, even with the benefit of a rule 8.108(e) extension, Father's appeal of the DVRO is untimely.

regarding this motion at the January 19, 2022 hearing and issued a written ruling denying the motion on January 24, 2022. Once again, Father appealed only the January 19, 2022 minute order, although he changed the date of the appealed-from order to January 24, 2022 in his CCIS. But here, we can liberally construe Father's notice of appeal to include the January 24, 2022 order denying the motion for reconsideration because the trial court expressly stated at the conclusion of the January 19, 2022 hearing and in the minute order of the same date that it would issue a written ruling.

California Rules of Court, "[r]ule 8.100(a)(2)'s liberal construction requirement reflects the long-standing ' "law of this state that notices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what [the] appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced." ' [Citations.] The rule is intended to 'implement the strong public policy favoring the hearing of appeals on the merits.' " (*K.J., supra,* 8 Cal.5th at p. 882.)

In filing his notice of appeal without counsel, Father could reasonably have believed the January 19, 2022 minute order was the proper order to appeal, given that the minute order identifies the motion for reconsideration and states the court's conclusion that it did not have authority to reconsider an issue related to the DVRO. There also is no indication Mother was confused as to the basis of appeal. To the contrary, her briefing makes clear that she understood Father to be appealing the motion for reconsideration. Because it was clear which order Father was trying to appeal from and Mother was not misled or prejudiced, we conclude this error does not provide a basis for dismissing the appeal.

11

Still, we lack jurisdiction to consider the motion for reconsideration because "[a]n order denying a motion for reconsideration made pursuant to subdivision (a) is not separately appealable." (Code Civ. Proc., § 1008, subd. (g); *Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 927–928, fn. 6.) A motion for reconsideration is reviewable only as part of an appeal from an underlying appealable order. (Code Civ. Proc., § 1008, subd. (g).) While both a DVRO and an order refusing to dissolve a DVRO are generally appealable (Code Civ. Proc., § 904.1, subd. (a)(6) [an appeal "may be taken from . . . an order granting or dissolving an injunction, or refusing to grant or dissolve an injunction"]), Father's failure to timely appeal the DVRO in this case renders the motion for reconsideration also unappealable.[7]

## III.

### *The Interim Custody Orders Are Not Appealable Orders*

Last, Father appeals the trial court's January 3, 2022, and January 24, 2022 interim custody orders.[8] Acknowledging these orders were " 'interim' " and likely recognizing they would not be appealable, Father alternatively asks us to exercise our discretion to treat his appeal of the custody orders as a petition for writ relief should we conclude they are not appealable orders. As we shall explain, we do conclude the interim custody orders are not

---

[7] We also note Father made no arguments to support that the motion for reconsideration is independently appealable, and he has provided no basis for reversing the trial court's ruling. An appellate court is not required to "consider alleged error where the appellant merely complains of it without pertinent argument." (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119–1120.)

[8] For the reasons we have already given, we liberally construe Father's notice of appeal to include the January 24, 2022 order.

appealable, and we decline to exercise our discretion to treat his appeal as a writ petition.

A.  *Appealability of the Custody Orders*

"Generally, a reviewing court acts in the procedural context of either a direct appeal or a writ proceeding." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) "A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Ibid.*) A trial court order is not appealable unless "made so by statute." (*Ibid.*; see also *Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1083 ["In the absence of a statute authorizing an appeal, we lack jurisdiction to review a case even by consent, waiver, or estoppel."].) Because the Family Code contains no statutory provisions governing appeals from child custody orders, "the right to appeal a child custody determination is generally limited to final judgments and orders made after final judgments" under Code of Civil Procedure section 904.1, subdivision (a)(1) and (2). (*Enrique M. v. Angelina V.* (2004) 121 Cal.App.4th 1371, 1377 (*Enrique M.*).) Consequently, prejudgment rulings that merely decide custody or visitation issues on an interim or temporary basis are not subject to appeal. (See *Banning v. Newdow* (2004) 119 Cal.App.4th 438, 456 ["interim custody orders are nonappealable"].) "A temporary custody order is interlocutory by definition, since it is made pendente lite with the intent that it will be superseded by an award of custody after trial." (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 559.)

The question then is whether the January 3, 2022 and January 24, 2022 custody orders—both of which the trial court expressly stated were interim orders pending the February 28, 2022 trial—are appealable *post*judgment orders. "Although the law relating to appealability speaks in

13

terms of orders or judgments, we recognize that it is not the label but rather the substance and effect of a court's judgment or order which determines whether or not it is appealable." (See *In re Marriage of Loya* (1987) 189 Cal.App.3d 1636, 1638.) Looking at the substance and effect of these custody orders, we conclude they are not appealable.

Although custody modification orders made after an appealable final judgment are themselves generally appealable (Code Civ. Proc., § 904.1, subd. (a)(2)), "not every postjudgment order that follows a final appealable judgment is appealable" (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651 (*Lakin*)). To be appealable, a postjudgment order must satisfy two requirements: (1) "the issues raised by the appeal from the order must be different from those arising from an appeal from the judgment," and (2) " 'the order must either affect the judgment or relate to it by enforcing it or staying its execution.' " (*Lakin,* at pp. 651–652.) With regard to this second prong, the Supreme Court noted that all of the postjudgment orders it has determined were *not* appealable were "more accurately understood as being preliminary to a later judgment, at which time they [would] become ripe for appeal." (*Id.* at p. 652.)

The record in this case does not contain a copy of the "stipulated default judgment" entered in May 2015 or the stipulated custody agreement entered in October 2018, but we presume the trial court previously issued a final custody judgment in this case. (See *Enrique M., supra,* 121 Cal.App.4th at pp. 1374, 1378 [concluding order adopting the parties' partial custody agreement and the Family Court Services recommendations constituted an appealable final judgment as to custody].) But although the January 3 and 22, 2022 orders are postjudgment custody orders, nothing in either order

14

indicated they were final custody determinations or intended to terminate the litigation as to custody between the parties.

On January 3, 2022, the court temporarily gave Mother sole legal and physical custody of the children based on statements J.F. allegedly made that the court preliminarily found constituted emotional abuse. To further evaluate these allegations at the upcoming trial, the court ordered J.F. to be interviewed by Family Court Services. The court placed Father on notice that the conduct J.F. described would "be an issue for trial, and *if* found true there, [section] 3044, *would apply* and create a presumption against him having joint, or sole, legal or physical custody."[9]  (Italics added.)  In other words, the court contemplated both then and in the January 24, 2022 order that this change in custody would be temporary until evidence could be obtained from J.F. and a full evidentiary hearing could be held to determine whether Father abused J.F.; whether the section 3044 presumption should apply; and whether a permanent change in custody was warranted.

Consequently, we conclude the January 3 and January 24, 2022 orders are not appealable because they were "preliminary to future proceedings" (*Lakin, supra,* 6 Cal.4th at p. 654), namely, the trial that would supersede these orders and determine the final custody order. (See *In re Marriage of Olson* (2015) 238 Cal.App.4th 1458, 1462 [concluding that because the father "did not appeal from a court order finally approving or denying a modification of custody, but rather from an order that the parties attend a parenting plan

---

[9]    The trial court's order that section 3044 did not apply, and its subsequent decision not to revisit the finding, pertained to the conduct necessitating the July 26, 2021 DVRO. The court left for trial the issue of whether Father's later statements to J.F. warranted a presumption under section 3044 against him having custody.

15

assessment[,] [the] order was 'preparatory t[o a] later proceeding[ ]' and therefore not appealable' "]; *In re Marriage of Lloyd* (1997) 55 Cal.App.4th 216, 219–220 [explaining that a postjudgment order appointing a guardian ad litem "in contemplation of future hearings and orders on custody and visitation" was preliminary to those future proceedings and not appealable]; *In re Marriage of Levine* (1994) 28 Cal.App.4th 585, 589 [finding a postjudgment order specifically reserving issues regarding the sale of marital assets for a future proceeding was not final, and thus, not appealable].)

B.    *Alternative Request to Construe the Appeal as a Petition for Writ Relief*

Likely recognizing the custody orders are not appealable orders, Father asks alternatively that we construe his appeal as a petition for writ relief. When an appellant does not seek writ relief in the first instance, the question is not whether we may, but whether we *should* treat the appeal as a writ petition. As our Supreme Court has explained, although we do have the power to treat an appeal as a petition for writ of mandate, "we should not exercise that power except under unusual circumstances." (*Olson v. Cory* (1983) 35 Cal.3d 390, 401; accord *San Joaquin County Dept. of Child Support Services v. Winn* (2008) 163 Cal.App.4th 296, 300.) A case may present sufficiently unusual circumstances where the trial court made a substantive error and judicial economy would not be served by deferring resolution until final judgment. (See *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 746.)

Here, we discern no unusual or extraordinary circumstances associated with this portion of Father's appeal. And given that the relevant record remains incomplete, we decline to treat Father's appeal of the interim custody orders as a petition for writ of mandate.

## DISPOSITION

The appeal is dismissed.

DO, J.

WE CONCUR:

IRION, Acting P. J.

BUCHANAN, J.